MARGARET BROWN, PETITIONER, V. E. T. MANNING ET AL., RESPONDENTS.

FILED MAY 17, 1919. NO. 20962.

1. **Health: DETENTION.** Under sections 4082 and 4094, Rev. St. 1913, the city of Omaha is authorized to provide for the detention in the detention home in that city of persons "found to be infected with communicable venereal virus," for such reasonable time "as to prevent the danger of * * * communicating such infection to others."

2. **Habeas Corpus.** Under such circumstances, such person will not be entitled to a writ of habeas corpus for release from such detention.

Original application for writ of habeas corpus. *Writ denied.*

*Macfarland & Macfarland* and *Gray & Brumbaugh,* for petitioner.

*Frank L. Weaver, W. C. Lambert* and *H. L. Mossman,* contra.

SEDGWICK, J.

This is an original application in this court for a writ of habeas corpus. The petitioner was quarantined in the detention home in the city of Omaha under an ordinance of that city, and the question presented is whether such detention under the circumstances was

justifiable. The case was presented to this court upon a stipulation of facts and without other evidence. The stipulation shows that the petitioner had been arrested upon a charge of ''being an inmate of an ill-governed house;'' that she was tried upon this charge and found guilty, and appealed the case to the district court; and thereupon the court trying her approved of her bond on appeal, and notified the keeper of the jail to release her from confinement ''on the ground that she had furnished an appeal bond as provided by law.'' These facts are immaterial in this case, because it is further shown by the stipulation that the health commissioner of the city of Omaha ''caused said petitioner to be examined, and under his direction said examination was made and said petitioner found to be infected with communicable venereal virus; that thereupon said health commissioner ordered said petitioner to be isolated and quarantined by the proper authorities in the detention home of the city of Omaha for treatment for such reasonable time and in such reasonable manner. as to prevent the danger of said petitioner from communicating such infection to others, and until the danger of the infection should be removed.''

The petitioner cites and relies upon *Wragg v. Griffin,* 170 N. W. (Ia.) 400. In that case their statutes are cited, and the rules of the local board of health referred to, and the law is stated to be that they ''do not authorize the board of health to deprive of his liberty one *suspected* of venereal disease for the purpose of forcing the exposure of his body to examination and compelling the extraction of blood from his veins in search of evidence of the disease.'' And, in the opinion. it is said: ''It may be said at the outset that the objection raised by this petitioner does not necessarily challenge the validity of any statute or any rule of the board of health by which authority is given to quarantine persons who are afflicted with

contagious disease, or to remove or segregate a person so diseased from his own home for detention in a separate house or detention hospital and there detain him until .he has so far recovered his health as to be no longer a menace to the health of the community.''

In this .case the stipulation shows that the petitioner was ''found to be infected with communicable venereal virus,'' and that she was only detained ''for such reasonable time and in such reasonable manner as to prevent the danger of said petitioner from communicating such infection to others, and until the danger of the infection should be removed.'' There can be no doubt that under our statute (Rev. St. 1913, secs. 4082, 4094), the city could by ordinance provide for such detention, and the ordinance as quoted in the petitioner's brief provides for such detention.

The writ is therefore denied, and the cause dismissed.

WRIT DENIED, AND CAUSE DISMISSED.