CHRISTIAN SIMONSEN, APPELLANT, v. SAMUEL A. SWENSON, APPELLEE.

FILED FEBRUARY 14, 1920.    No. 20777.

1. **Physicians:** PRIVILEGED COMMUNICATIONS. The information given to a physician by his patient, though confidential, is given subject to the understanding, conclusively presumed in law, that, if the patient's disease is found to be of a dangerous and so highly con tagious or infectious a nature that it may be transmitted to others unless the danger of transmission is disclosed to them, the phy-sician is then privileged to make so much of a disclosure to such persons as is reasonable and necessary to prevent the spread of the disease.

2. ——: ——: LIABILITY. Where a physician makes such a dis-closure, believing that a disclosure was necessary to prevent the spread of the disease, and when the disclosure is made to one who, it is reasonable to believe, might otherwise be exposed, and when the physician acts in entire good faith, with reasonable grounds

for his diagnosis and without malice, he cannot be held liable in damages by his patient, even though he is mistaken in his diagnosis and has reported that his patient was afflicted with a disease which in fact he did not have.

APPEAL from the district court for Burt county: ALEX-ANDER C. TROUP, JUDGE. *Affirmed.*

*Frank V. Lawson* and *Gray & Brumbaugh,* for appellant.

*Alvin F. Johnson, contra.*

FLANSBURG, C.

Action for damages for alleged breach of duty arising from confidential relationship between defendant, who is a physician, and plaintiff, who was his patient. At the close of the testimony the court directed a verdict in favor of the defendant, and plaintiff appeals.

Plaintiff, with other employees of a telephone company, was working at Oakland, Nebraska. He was a stranger at the place, and was stopping with these men at a small hotel operated by a Mrs. Bristol. He became afflicted with sores on his body, and went to the defendant, a practicing physician at that place, who took the history of plaintiff's trouble, gave him a physical examination, and informed him that he believed his disease to be syphilis. He further stated, however, that it was impossible to be positive without making certain Wasserman tests, for which he had no equipment.

Defendant was the physician of the Bristol family, and acted as their hotel doctor when one was needed. He told plaintiff that there would be much danger of his communicating the disease to others in the hotel if he remained there, and requested that he leave the next day, which plaintiff promised to do.

On the following day the defendant, while making a professional call upon Mr. Bristol, who was ill, learned that plaintiff had not moved from the hotel. He therefore warned Mrs. Bristol that he thought plaintiff was afflicted with a "contagious disease," and for her to be

104 Neb.—15

careful, to disinfect his bed clothing, and to wash her hands in alcohol afterwards. Mrs. Bristol, acting upon this warning, placed all of plaintiff's belongings in the hallway, and fumigated his room. Plaintiff was forced to leave.

The testimony of the physicians disclosed that this particular disease is very readily transmitted in its early stages, and could be carried through drinking cups, eating utensils, and other articles handled or used by the diseased person.

After leaving Oakland, plaintiff consulted another physician. He gave to this physician a history, showing that he might have been exposed a few weeks before to such a disease, and was given a physical examination by this doctor. One Wasserman test was made, which proved negative. That test alone, however, this physician testified, proved nothing, since the presence or absence of such disease could not be positively known without extended tests. These had not been made, and this doctor said that it was impossible for him to say whether the plaintiff had or had not the disease when he examined him. He went on further to say that the symptoms and information upon which the defendant acted were, however, reasonably sufficient to cause the defendant to believe as he did.

The testimony is practically without conflict; plaintiff having called the defendant to testify as his own witness.

The plaintiff contends that, having shown the relationship of physician and patient, the law prohibits absolutely a disclosure of any confidential communication, at any time or under any circumstances, and that a breach of this duty of secrecy on the part of the physician gives rise to a cause of action in damages in favor of the patient.

At common law there was no privilege as to communications between physician and patient, and this rule still prevails when not changed by statute. *Thrasher v. State*, 92 Neb. 110; 40 Cyc. 2381.

Section 7898, Rev. St. 1913, provides that a physician shall not be allowed to disclose, on the witness-stand, any confidential communication intrusted to him in his professional capacity. The disclosure of confidences in this case was not by the defendant as a sworn witness, and this statute, therefore, obviously does not apply and has no bearing upon this case.

There is a further provision of our statute, however (Rev. St. 1913, section 2721), providing that no physician shall practice medicine without a license from the board of health, and that such a license may be revoked when a physician is found guilty of "unprofessional or dishonorable conduct." Among the acts of such misconduct, defined by the statute, is the "betrayal of a professional secret to the detriment of a patient."

By this statute, it appears to us, a positive duty is imposed upon the physician, both for the benefit and advantage of the patient as well as in the interest of general public policy. The relation of physician and patient is necessarily a highly confidential one. It is often necessary for the patient to give information about himself which would be most embarrassing or harmful to him if given general circulation. This information the physician is bound, not only upon his own professional honor and the ethics of his high profession, to keep secret, but by reason of the affirmative mandate of the statute itself. A wrongful breach of such confidence, and a betrayal of such trust, would give rise to a civil action for the damages naturally flowing from such wrong.

Is such a rule of secrecy, then, subject to any qualifications or exceptions?

The doctor's duty does not necessarily end with the patient, for, on the other hand, the malady of his patient may be such that a duty may be owing to the public and, in some cases, to other particular individuals. Recognition of that fact is given by the statutes in this state which delegate power to the state board of health, and to municipalities generally, to require reports of, and

provide rules of quarantine for, diseases which are contagious and dangerous. An ordinance in Omaha enacted under such power, providing quarantine of communicable venereal diseases, has been sustained by our court in *Brown v. Manning,* 103 Neb. 540.

When a physician, in response to a duty imposed by statute, makes disclosure to public authorities of private confidences of his patient, to the extent only of what is necessary to a strict compliance with the statute on his part, and when his report is made in the manner prescribed by law, he of course has committed no breach of duty toward his patient and has betrayed no confidence, and no liability could result.

Can the same privilege be extended to him in any instance in the absence of an express legal enactment imposing upon him a strict duty to report?

The statute making the "betrayal of a professional secret" misconduct on the part of a physician is in derogation of the common law and should be strictly construed. We believe the word "betrayal" is used to signify a *wrongful* disclosure of a professional secret in violation of the trust imposed by the patient.

No patient can expect that, if his malady is found to be of a dangerously contagious nature, he can still require it to be kept secret from those to whom, if there was no disclosure, such disease would be transmitted. The information given to a physician by his patient, though confidential, must, it seems to us, be given and received subject to the qualification that, if the patient's disease is found to be of a dangerous and so highly contagious or infectious a nature that it will necessarily be transmitted to others unless the danger of contagion is disclosed to them, then the physician should, in that event, if no other means of protection is possible, be privileged to make so much of a disclosure to such persons as is necessary to prevent the spread of the disease. A disclosure in such case would, it follows, not be a betrayal of the confidence of the patient, since the patient

must know, when he imparts the information or subjects himself to the examination, that, in the exception stated, his disease may be disclosed.

In order that such a privilege of making a disclosure be available to a physician, however, he must have had ordinary skill and learning of a physician, and must have exercised ordinary diligence and care in making his diagnosis; otherwise he could be subjected to an action for negligence in making a wrongful report. *Harriott v. Plimpton*, 166 Mass. 585.

In making such disclosure a physician must also be governed by the rules as to qualifiedly privileged communications in slander and libel cases. He must prove that a disclosure was necessary to prevent spread of disease, that the communication was to one, who, it was reasonable to suppose, might otherwise be exposed, and that he himself acted in entire good faith, with reasonable grounds for his diagnosis and without malice.

The plaintiff cites the case of *Smith v. Driscoll*, 94 Wash. 441, and contends that this case holds that any disclosure by a physician of a confidential communication from his patient is actionable. That was a case to hold a physician liable for divulging professional secrets in his testimony in court, and when his statements were claimed to be not relevant nor pertinent to the issues involved in the case. The court held the petition against the physician demurrable under the law in that state, for the reason that it contained no allegations that the matter of which he testified was irrelevant and not pertinent to the issues of the case. In a dictum the court stated: "Neither is it necessary to pursue at length the inquiry of whether a cause of action lies in favor of a patient against a physician for wrongfully divulging confidential communications. For the purposes of what we shall say, it will be assumed that, for so palpable a wrong, the law provides a remedy."

The instant case is a novel one. No cases bearing directly upon the question have been cited by counsel, and our search has been unsuccessful.

It appears to us that the facts disclosed by the record in this case show that the occasion was privileged, that the defendant had reasonable grounds for his belief, that he made no further disclosure than was reasonably necessary under the circumstances, and that he acted in good faith and without malice.

Had the plaintiff put in issue any of these facts, the case should have gone to the jury, but, as we take it, the testimony introduced raises no issues upon those questions.

For the reasons given, we recommend the case be affirmed.

Per Curiam. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed and this opinion adopted by and made the opinion of the court.

AFFIRMED.