DOWDELL D. THOMAS, as Administrator of the Estate o MARIE A. THOMAS, Deceased, Appellant, *v.* BRIDGET T. MORRIS, Respondent.

ARTHUR DAVIS, as Commissioner of Health for Suffolk County, Respondent.

Argued May 20, 1941; decided July 29, 1941.

*Laurence E. Degner* for appellant. It was error for the Appellate Division to refuse to issue the subpœna *duces tecum* for the production at the trial of the records sought, (*Friedeberg* v. *Haffen*, 162 App. Div. 79; *Equitable Life Assur. Society* v. *Mpasstas*, 256 App. Div. 878.) No physician and patient relationship ever existed between defendant-respondent and the State Department of Health, or the Suffolk County Commissioner of Health. Hence the records sought to be produced are not privileged within the purview of section 352 of the Civil Practice Act. (*Liske* v. *Liske*, 135 N. Y. Supp. 176; *Aultman & Taylor Co.* v. *Syme*, 163 N. Y. 54; *Jackson* v. *Citizens Casualty Co.*, 252 App. Div. 393; *Equitable Life Assur. Society* v. *Mpasstas*, 256 App. Div. 878.)

*George W. Percy* for defendant, respondent. The order at Special Term was contrary to public policy. The order of reversal was properly made. (*McGowan* v. *Metropolitan Life Ins. Co.*, 234 App. Div. 366; *Matter of Marks*, 121 Penn. Super. Ct. Rep. 181; *People* v. *Austin*, 199 N. Y. 446.)

*Edgar F. Hazleton* and *Martin Mellstrom* for Arthur Davis, as Commissioner of Health for Suffolk County, respondent. Records of the State Department of Health and of the Commissioner of Health of Suffolk County as to specific persons are confidential and not subject to subpœna. (*Davis* v. *Supreme Lodge, Knights of Honor*, 165 N. Y. 159; *Matter of City Council of New York* v. *Goldwater*, 284 N. Y. 296.) The question presented should not await the trial for its determination. (*Matter of City Council of New York* v. *Goldwater*, 284 N. Y. 296.)

DESMOND, J. The question here certified to us by the Appellate Division is as to whether certain records kept by the Suffolk County Commissioner of Health in the course of his official duties can be made available to plaintiff through a subpœna *duces tecum*. The action is for damages for the death of plaintiff's intestate from typhoid fever. The complaint alleges that the fatal bacillus was trans-

mitted to the decedent by reason of the negligent conduct of defendant, who, it is charged, prepared and handled food served to decedent, a guest at defendant's hotel, notwithstanding that defendant was, to her own knowledge, a "typhoid carrier." Plaintiff moved at Special Term, under rule 162 of the Rules of Civil Practice, on notice to the Suffolk County Health Commissioner and the State Department of Health, for an order requiring each to produce at the trial such records and papers as might indicate whether or not defendant was a typhoid carrier, and, if so, might show what, if any, knowledge defendant had of such condition, and what, if any, information was furnished her by the Suffolk County or State Health Departments, to the effect that she could transmit the disease to others. At Special Term the Attorney-General, considering that such records are not privileged, made known the State's willingness to produce its records. The County Health Commissioner, however, opposed, and when an order was granted for the issuance of the subpœna, appealed to the Appellate Division. The Appellate Division reversed, holding that, while the question might well await the trial, nevertheless the records were privileged under section 352 of the Civil Practice Act and that the County Health Commissioner could not be required to bring them into court.

We agree with the Appellate Division that we should go to the substance of the question, and decide whether or not these records are privileged, rather than take the narrow ground that the subpœna should issue only to bring the papers into court, leaving till the trial the determination as to privilege. We decide, however, that no privilege attaches to these records and that the public policy of the State as expressed in the Public Health Law (Cons. Laws, ch. 45) and the State Sanitary Code, confers no such privilege. Privilege does not exist unless conferred by some statute. (*People* v. *Austin*, 199 N. Y. 446, 451.) Here the statutes point the other way and seem to require that such records, in so far as they refer to known or suspected typhoid carriers, be made available in a case like

this. The Sanitary Code which has the force of law (Public Health Law, § 2-b) requires local health officers to keep the State Department of Health informed of the names, ages and addresses of known or suspected typhoid carriers, to furnish to the State Health Department necessary specimens for laboratory examination in such cases, to inform the carrier and members of his household of the situation and to exercise certain controls over the activities of the carriers, including a prohibition against any handling by the carrier of food which is to be consumed by persons other than members of his own household. (See Sanitary Code, ch. 2, regulations 1, 13, 31, 32, 33 and 34.) Why should the record of compliance by the County Health Officer with these salutary requirements be kept confidential? Hidden in the files of the health office, it serves no public purpose except a bare statistical one. Made available to those with a legitimate ground for inquiry, it is effective to check the spread of the dread disease. It would be worse than useless to keep secret an order by a public officer that a certain typhoid carrier must not handle foods which are to be served to the public.

Section 352 of the Civil Practice Act does not control here. The information in the Health Commissioner's files concerning the defendant, if there be any such information there, was not acquired by the Health Commissioner " in attending a patient in a professional capacity " nor was the information " necessary to enable him to act in that capacity." Although the information may have come to the Commissioner from a physician in private practice, the transmittal from that physician to the public officer was in obedience to the express command of section 25 of the Public Health Law. An intention that these records as to communicable diseases should not be kept confidential is found in the history of this same section 25. Since 1909 it has provided as to one such disease (tuberculosis) that the report " shall not be divulged or made public." In 1939 the Legislature amended the section by naming three other diseases, not including typhoid fever, as to which

the reports should be kept secret. (See Laws of 1939, ch. 159.) It seems to follow that similar reports as to other communicable diseases are not so privileged.

Nothing contained in *Matter of City Council of New York* v. *Goldwater* (284 N. Y. 296) supports respondent's position here. The holding there was that the privilege could be invoked when the information was sought through a subpœna issued by a legislative committee as well as when issued by a court. But the information there sought, unlike the information here to be produced, concerned the diagnosis and treatment of the ills of hospital patients.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. The certified question should be answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.