PEARL MUNZER, Plaintiff, *v.* RUSSELL E. BLAISDELL et al., Defendants.

Supreme Court, Special Term, New York County, August 1, 1944.

*Junius P. Wilson* for Russell E. Blaisdell, defendant.

*Pearl Munzer,* plaintiff in person.

*J. Raymond Levinson* for Louis Carp, defendant.

BENVENGA, J. Motion by defendant Blaisdell to dismiss plaintiff's fifth amended complaint, or, in the alternative, to strike out certain of its allegations.

The first cause of action seeks to recover upon a liability created by statute. It alleges, in substance, that Blaisdell, Medical Superintendent of Rockland State Hospital, an institution for the care and treatment of the mentally ill, violated a duty imposed upon him by statute when, by letter of December 24, 1938, addressed to defendant Carp, he enclosed plaintiff's case record while a patient at the institution.

Section 84 of the Mental Hygiene Law, upon which this cause of action is founded, makes it the duty of the director or other person in charge of a mental institution, including the superintendent (Mental Hygiene Law, § 2, subd. 4), to make, or cause to be made, a descriptive case record of the mental state, bodily condition and medical treatment of each patient. The section then provides that, except on the consent of the Commissioner of Mental Hygiene or an order of a judge of a court of record, " Such record shall be accessible *only* to the director and such officers and subordinates of the institution as he may designate and to the commissioner and his representatives ". (Italics supplied.)

It will be observed that the statute makes the contents of case records privileged communications, and that it imposes a duty upon officials in charge of the institutions not to make the records available, except in accordance with the provisions of the statute. Clearly, the statute was enacted in the interest of the public generally and for the benefit and protection of patients. Its primary purpose, as in the case of section 352 of the Civil Practice Act (which prohibits a physician from disclosing confidential communications without the consent of the patient), was to prevent officials of institutions for the mentally ill from disclosing information imparted to them for the purpose of care and treatment, and thus save patients from humiliation, embarrassment and disgrace. (*Matter of N. Y. City Council* v. *Goldwater*, 284 N. Y. 296, 299, 300; *Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45, 48, 49; *Thomas* v. *Morris*, 286 N. Y. 266, 269, 270; cf. *Munzer* v. *Swedish American Line*, 35 F. Supp. 493, 497, 498.)

As has been pointed out, the statute, when read in connection with other statutes *in pari materia*, particularly section 352 of the Civil Practice Act, demonstrates the " great care " made by the Legislature " to place every safeguard around the case record of a patient," and clearly indicates " the intention of the Legislature to keep and protect the case records  *  *  * as a privileged communication," to be made " available only when the provisions of the statute as to release are met " (*Munzer* v. *State*, 41 N. Y. S. 2d 98, 103).

It follows that, where the statutory duty is violated, the patient is entitled to redress; for it is well settled that, where a positive duty is imposed by statute, a breach of that duty will give rise to a cause of action for damages on the part of the person for whose benefit the duty was imposed; and, in such cases, if the statute itself does not provide a remedy, the common law will furnish it. (*Willy* v. *Mulledy,* 78 N. Y. 310, 314; *Racine* v. *Morris,* 201 N. Y. 240, 244; *Amberg* v. *Kinley,* 214 N. Y. 531, 535; 3 Cooley on Torts [4th ed.], § 477, p. 361.) This principle was recognized by the decision of the Appellate Division in the case at bar (see *Munzer* v. *Blaisdell,* 268 App. Div. 9).

But while the general principle is well settled and has been repeatedly applied under varying circumstances, the situation here presented is one of first impression. No case directly in point has been cited by counsel, and research has revealed but three instances in which the principle has been applied under somewhat analogous circumstances. (*Simonsen* v. *Swenson,* 104 Neb. 224; *Smith* v. *Driscoll,* 94 Wash. 441; *A. B.* v. *C. D.* [1905], 7 Faculty Decisions, Session Cases [Scot.] 72.) These cases hold that an action by a patient will lie against a physician for a disclosure by him of a confidential communication acquired in a professional capacity, in violation of statutes substantially similar to section 352 of the Civil Practice Act. (See notes: L. R. A., 1917C, 1131; 9 A. L. R. 1254, which discuss the cases.) In the *Simonsen* case (*supra*), which pointed out that that case was " a novel one ", the court said: " By this statute, it appears to us, a positive duty is imposed upon the physician, both for the benefit and advantage of the patient as well as in the interest of general public policy. * * * A wrongful breach of such confidence, and a betrayal of such trust, would give rise to a civil action for damages naturally flowing from such wrong."

So, by a parity of reasoning, section 84 of the Mental Hygiene Law imposes a positive duty on officials in charge of mental institutions not to make case records available except in accordance with the provisions of the statute. For a breach of such duty, the common law provides a cause of action for damages. The novelty of the situation, of course, presents no obstacle to recovery; for the law will never suffer an injury and a damage without a remedy. (*Kujek* v. *Goldman,* 150 N. Y. 176, 178; *Oppenheim* v. *Kridel,* 236 N. Y. 156, 164, 165.)

But while the plaintiff has a cause of action against the alleged wrongdoers, the question still remains whether the action is barred by the Statute of Limitations. There can be no question

that the period of limitation is computed from the time of the accrual of the right to relief, except as otherwise specifically provided (Civ. Prac. Act, § 11). In the case at bar, the right to relief accrued on or about December 24, 1938, when Blaisdell released the letter containing plaintiff's case record. Therefore, since the action is founded upon a liability created by statute, for which action must be brought within six years (Civ. Prac. Act, § 48, subd. 2), and since the action was started by the service of a summons on or about July 15, 1943, the first cause of action must be deemed to have been timely commenced.

The second cause of action is for a violation of section 352 of the Civil Practice Act. Since the statute, by its terms, applies to information acquired by a physician in attending a patient in a professional capacity, the rule is well settled that there is no violation of the statute unless the relation of physician and patient exists. (*Griffiths* v. *Met. St. Ry. Co.*, 171 N. Y. 106, 111; *People* v. *Austin*, 199 N. Y. 446, 452.) Accordingly, since the relation between a patient committed to a mental institution and the official in charge of that institution is not the professional relation contemplated by statute (*Liske* v. *Liske*, 135 N. Y. S. 176), a cause of action for a breach of that statute does not lie against the defendant.

The third and fourth causes of action sound in libel, being based upon the Blaisdell letter to Carp and the case record therein enclosed. Such an action must be commenced within one year after its accrual (Civ. Prac. Act, § 51). Accordingly, since the action accrued on December 24, 1938, when the alleged libel was published, and the action was not commenced until July 15, 1943, these causes of action are barred by the Statute of Limitations.

There remains the motion to strike. The following portions of the first cause of action must be stricken: All of paragraphs Third and Ninth. So much of paragraphs Seventh and Eighth as alleges the circumstances under which plaintiff discovered the letters exchanged between Carp and Blaisdell; these paragraphs should merely allege the sending and receipt of the letters and enclosure, setting forth their contents. The following words in paragraph Tenth: " requesting confidential privileged information concerning plaintiff, an ex-patient of Rockland State Hospital ", and everything after " Mental Hygiene Law." The following words in paragraph Eleventh: " to a lawyer adverse to the plaintiff (in a lawsuit) ". These allegations are evidentiary and unnecessary.

Accordingly, the motion is granted to the extent of dismissing the second, third and fourth causes of action and striking from the first cause of action the portions hereinabove referred to, with leave to serve a sixth amended complaint in accordance herewith, within twenty days after the service of a copy of this order, with notice of entry.