LESTER M. GREFF, Plaintiff, *v.* ELLA E. HAVENS, also Known as ELLA E. GREFF, et al., Defendants.

Supreme Court, Special Term, New York County, June 14, 1946.

*David N. Fields* for Ella E. Havens, defendant.

*Nathaniel L. Goldstein, Attorney-General* (*Louis E. Cooper* of counsel), for Department of Mental Hygiene and another, defendants.

*Peter J. Haberkorn* for plaintiff.

HAMMER, J. This is an application by order to show cause under section 84 of the Mental Hygiene Law by defendant Ella E. Greff to require a State institution to render its records of the deceased defendant Greff accessible for inspection and that certified copies thereof be furnished to movant.

Section 84 of the Mental Hygiene Law provides as follows: '' Every director or other person in charge of an institution for the care and treatment of the mentally ill, shall, within three days after the reception of a patient, make, or cause to be made a descriptive record of such case. He shall also make or cause to be made entries from time to time, of the mental state, bodily condition and medical treatment of such patient during the time such patient remains under his care, and in the event of

the discharge or death of such person, he shall state in such case record the circumstances hereof, and make such other entries at such intervals of time and in such form as may be required by the commissioner. Such record shall be accessible only to the director and such officers and subordinates of the institution as he may designate and to the commissioner and his representatives, except on the consent of the commissioner or an order of a judge of a court of record."

" Section 84 of the Mental Hygiene Law imposes a positive duty on officials in charge of mental institutions not to make case records available except in accordance with the provisions of the statute." (*Munzer* v. *Blaisdell*, 183 Misc. 773, 775.)

" Section 352, Civil Practice Act, and Sections 20, 32 and 84 of the Mental Hygiene Law, when read together, clearly indicate the intention of the Legislature to keep and protect the case records of a patient in a State Hospital as a privileged communication, and available only when the provisions of the statute as to release are met." (*Munzer* v. *State*, 41 N. Y. S. 2d 98, 103.)

Section 354 of the Civil Practice Act provides: " * * * a physician or surgeon or a professional or registered nurse, upon a trial or examination, may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, *except confidential communications and such facts as would tend to disgrace the memory of the patient,* when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient, * * * *or if the validity of the last will and testament of such deceased patient is in question, by the executor or executors named in said will, or the* surviving husband, *widow* or any heir-at-law or any of the next of kin, of such deceased, or any other party in interest." (Italics supplied.)

While " the statute contemplates that, in the absence of the required waiver, the confidential communication be shut off at the source " (*Lorde* v. *Guardian Life Insurance Company,* 252 App. Div. 646, 648), it is the Legislature and not the courts which provides when such communications shall be shut off and when and how disclosed. Here the objection to disclosure is presented by plaintiff, a son of the alleged incompetent, the defendant Greff, now deceased, after the commencement of the action. The objection is made by affidavit of plaintiff's attorney, no affidavit by plaintiff, a nonresident, being presented.

The application for examination of the records is made by the other defendant, who is the wife of the deceased, whose marriage plaintiff by this action seeks to have adjudged void on the ground of mental incompetency, upon which ground he is also contesting the probate of the will. The Department of Mental Hygiene and the Hudson River State Hospital oppose defendant's application, asserting the privilege under the statute.

It cannot be decided in advance of the trial of this action and of the probate that the deceased was incompetent mentally either to marry or to make a will, and both the executors named in the will and the widow have upon this motion waived the privilege of the statute. This compliance with the statutory provision of waiver requires that defendant's motion be granted to the extent that the records of the deceased defendant Joseph C. Greff will be produced and rendered accessible to defendant Havens upon the trial upon payment of the reasonable expense entailed.

Privilege claimed as to confidential communications and facts, if any, as would tend to disgrace the memory of the patient, may then be claimed and passed upon by the trial justice. The State hospital may not be required upon this application to make or certify copies of the records. While, generally speaking, a person may inspect public records in which he has an interest, when the purpose is not improper and disclosure is not detrimental to public interest, and have the aid of the appropriate court to obtain same where the inspection is sought under statute, the provision therein alone govern the right to and manner of inspection. But the records of an institution for the mentally ill, showing the mental and physical condition of a patient, made by physicians and their aids professionally and necessary for treatment, are privileged and may only be rendered available under the close supervision of the court (see *Massachusetts Mut. Ins. Co.* v. *Trustees,* 178 Mich. 193; *Davis* v. *Supreme Lodge, Knights of Honor,* 165 N. Y. 159; *Redmond* v. *Industrial Benefit Association,* 150 N. Y. 167, 172; *Nelson* v. *Village of Oneida,* 156 N. Y. 219; *B. L. T. & S. D. Co.* v. *K. T. & M. M. A. Assn.,* 126 N. Y. 450; *Renihan* v. *Dennin,* 103 N. Y. 573; *Gratten* v. *Metropolitan Life Ins. Co.,* 80 N. Y. 281).

While this application asks that the hospital furnish certified copies of its records, which cannot be granted, it would seem that the cause is about to be reached for trial and what is really sought is that the records be rendered accessible upon the trial (see *De Nardo* v. *De Nardo,* N. Y. L. J., Jan. 15, 1944, p. 190, col. 5). Settle order.