EDWARD P. MCGRATH, as Committee of the Person and Estate of MARY MCGRATH, an Incompetent, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30169.)

Court of Claims, November 22, 1950.

*Harry Lee* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David Marcus* of counsel), for defendant.

LAMBIASE, J. This is an application by the claimant for an order directing the examination before trial of the State of New York '' by its agents, servants and employees familiar with the facts pertaining to the claim herein '', and directing that the State of New York at such examination before trial '' produce all pertinent books and records ''. (Notice of Motion.)

By supplemental affidavit of one of claimant's attorneys sworn to September 15, 1950, and made a part of these moving papers, the '' agents, servants and employees '' referred to in the origi-

nal moving papers are further and more particularly identified as being " Wirt C. Groom, M.D., Acting Senior Director or his successor at the Hudson River State Hospital at Poughkeepsie, N. Y. and certain persons whose names are unknown but who occupied the positions of Assistant to the Senior Director or Acting Senior Director and the persons occupying positions of doctors, nurses and attendants who were employed by Defendant at the Hudson River State Hospital, and who were charged with the supervision and care of inmates from the time MARY C. McGRATH was admitted to said Hudson River State Hospital to the time she was discharged therefrom, but nothing herein contained is intended to broaden the scope of the examination to include persons other than those who are familiar with the facts pertaining to items (a) through (j) first set forth in the moving papers herein ".

Claimant, Edward P. McGrath, as committee of the person and estate of Mary McGrath, an incompetent person, has filed a claim herein for the recovery for personal injuries which he therein alleges were sustained by said Mary McGrath when, " on the 19th day of November, 1949, while said Mary McGrath was an inmate of the Hudson River State Hospital, she was pushed, struck and assaulted by another inmate of said hospital, causing her to fall and to sustain severe and serious and permanent injuries, internally and externally, fracture of right femur." (Claim, par. 5); and in which it is alleged that the State of New York, its officers and employees were negligent generally, and specifically in the particulars therein set forth.

The moving papers set forth " That by reason of the incompetence of said MARY C. McGRATH and the complete lack of personal knowledge on the part of the Claimant of the facts concerning the alleged assault, and the circumstances that evidence material and necessary to the prosecution of the aforesaid claim is peculiarly within Defendant's knowledge, an examination before trial is necessary and is sought in good faith." (Affidavit, Matthew M. Dunne, dated Aug. 9, 1950, par. 4.)

Objection has been made by the Attorney-General of the State of New York (a) that the application does not properly identify those to be examined; (b) that the scope of the proposed examination is too broad, and that the granting of the application as submitted would place too much of a burden upon the State of New York; (c) that the examination of witnesses and the production of the books requested will entail the disclosure of information and data which are privileged communications between physician and patient within the meaning

of section 352 of the Civil Practice Act of the State of New York; and (d) that the committee of the incompetent cannot waive under section 354 the statutory privilege provided by section 352 of the Civil Practice Act, and that in any event, any waiver made in an examination before trial would not be one made " in open court ". We shall consider the objections in the order above set forth.

(a). Assuming that the identification of the persons other than Dr. Groom or his successor whose examination is sought herein is a proper one and is in compliance with rule 122 of the Rules of Civil Practice, it seems to us that if we were to grant this application in the form submitted by the claimant, it might result in the calling by the claimant in the first instance of every person now an employee of the State of New York at the Hudson River State Hospital to be preliminarily examined to determine whether or not he or she was within the classifications of the persons sought to be examined and mentioned in claimant's moving papers. Such a direction we feel would be too broad and would place an unnecessary and unwarranted onus upon the State of New York. We, therefore, modify and make disposition thereof as follows: Claimant may examine Dr. Wirt C. Groom, Acting Senior Director, or his successor in the Hudson River State Hospital at Poughkeepsie, New York, as to those matters contained in paragraph 5, items (a) through (j) (Matthew M. Dunne Affidavit, dated August 9, 1950) with the limitations hereinafter set forth, said examination to include inquiry as to the names of " certain persons whose names are unknown but who occupied the positions of Assistant to the Senior Director or Acting Senior Director and the persons occupying positions of doctors, nurses and attendants who were employed by Defendant at the Hudson River State Hospital, and who were charged with the supervision and care of inmates from the time MARY C. McGRATH was admitted to said Hudson River State Hospital to the time she was discharged therefrom." Upon the determination of the identity of said person or persons sought to be examined, the State of New York shall produce such employee or employees forthwith to be examined before trial as to the above-mentioned items (a) through (j), with the proviso and limitation that as to those portions of items (b), (c), (f), and (g) which do not seek information specifically concerning Mary McGrath, individually, but rather seek information more or less general in its scope, examination of the employee or employees with reference to such matters shall be limited to such as (1) affect or tend to or might affect Mary

McGrath, the incompetent herein, and/or (2) bear upon the general and/or specific allegations of negligence set forth in the claim herein.

(b). Considering the limitations which we have prescribed under (a) immediately above, we feel that the scope of the examination allowed is not too broad. (*Menzi* v. *State of New York,* 23 N. Y. S. 2d 21.)

(c). There are cases which hold that the professional relationship prerequisite to the application of section 352 of the Civil Practice Act which at all times in the claim mentioned provided in pertinent part that: ''A person duly authorized to practice physic or surgery, or dentistry, or a professional or registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity '', does not exist between the official physicians of a State hospital and its patients. (*Liske* v. *Liske,* 135 N. Y. S. 176; *Munzer* v. *Blaisdell,* 183 Misc. 773, affd. 269 App. Div. 970.) Other cases declared a contrary rule. (*Matter of Maryland Cas. Co.,* 78 N. Y. S. 2d 651; *Westphal* v. *State of New York,* 191 Misc. 688; *Greff* v. *Havens,* 186 Misc. 914, 917.)

We are of the opinion that information obtained by the physicians employed by a State institution in the course of a diagnosis and treatment of a patient committed to its care is a privileged communication within the broad meaning of section 352 of the Civil Practice Act. The privilege extends not only to information of a confidential nature, but to all information obtained from a patient while attending in a professional capacity and which is essential to enable a physician to act. (*Renihan* v. *Dennin,* 103 N. Y. 573.) Information derived from the observation of the patient's appearance and symptoms are as much within the statute as if it had been oral and reached the physician's ear. (*Grattan* v. *Metropolitan Life Ins. Co.,* 92 N. Y. 274.) Recordings of privileged communications in hospital records are similarly inadmissible. (*Matter of New York City Council* v. *Goldwater,* 284 N. Y. 296; *Thompson* v. *Prudential Ins. Co.,* 266 App. Div. 783.) But not all of the entries contained in the hospital records, nor the information within the knowledge or possession of the State's physicians are privileged: i.e., facts pertaining to prior escapes and previous assaults. A physician is not prohibited from testifying to such ordinary incidents and facts as are plain to the observation of any one without professional knowledge. (Richardson on Evidence [7th ed.], § 500; *Westphal* v. *State of New York,* 191 Misc. 688, *supra.*) Interrogation designed to elicit whether the

party was treated professionally, the names of physicians who treated him, the date of entry in the hospital, and the date of discharge, is proper. (*Lorde* v. *Guardian Life Ins. Co.,* 252 App. Div. 646.)

Section 352 of the Civil Practice Act prohibiting certain disclosures by physicians, dentists and nurses was designed to protect the patient. (*Steinberg* v. *New York Life Ins. Co.,* 263 N. Y. 45.) The Legislature which has conferred the privilege or protection may, if it chooses, limit its application. The courts may not do so. (*Matter of New York City Council* v. *Goldwater, supra.*) Thus section 354 of the Civil Practice Act was enacted to permit a waiver of this privilege or protection in certain cases.

(d). We can see no merit to the objection raised by the State of New York that the committee does not have a right to waive for the incompetent. (Civ. Prac. Act, § 1377; *Matter of Handwerger,* 79 N. Y. S. 2d 634; *Matter of Warrington* [*State of New York*], Court of Claims, Motion No. 1796, July 11, 1950, Sylvester, J., affd. 277 App. Div. 1076; *Matter of Bryant,* Court of Claims, July 11, 1950, Sylvester, J., Motion No. 1795; Cf. *Murray* v. *Physical Culture Hotel,* 258 App. Div. 334.) We conclude, therefore, that the committee herein has the right to waive the privilege of the statute on behalf of the incompetent, and that if he causes an examination to be had, he may exercise said right and may waive the protection of the statute on such examination before trial, making such waiver a part of such examination. (*Clifford* v. *Denver & Rio Grande R. R. Co.,* 188 N. Y. 349, 359; *Buffalo Loan Trust & Safe Deposit Co.* v. *Knights Templar & Masonic Mut. Aid Assn.,* 126 N. Y. 450, 454; *Matter of New York City Council* v. *Goldwater,* 284 N. Y. 296, *supra.*)

We have left for discussion last the matter of claimant's request for an order of this court directing the production by the State of New York of " all pertinent books and records ". A record of claimant's incompetent while at the Hudson River State Hospital was required to be kept by the State of New York, its officers and employees by sections 20 and 34 of the Mental Hygiene Law of the State of New York, the particulars constituting said record being specifically set forth in said sections. Such record is made accessible by said statute only to the director and such officers and subordinates of the institution as he may designate and to the commissioner and his representatives, except on the consent of the commissioner or an order of a judge of a court of record. In our opinion subdivision 9 of section 34 (formerly section 84) of the Mental

Hygiene Law of the State of New York, when read in connection with other statutes *in pari materia*, particularly section 352 of the Civil Practice Act, indicates " the intention of the Legislature to keep and protect the case records * * * as a privileged communication " to be made " available only when the provisions of the statute as to release are met." (*Munzer* v. *State of New York*, 41 N. Y. S. 2d 98, 103; *Munzer* v. *Blaisdell*, 183 Misc. 773, affd. 269 App. Div. 970, *supra*; *Francis J. Mulligan* v. *State of New York*, 277 App. Div. 437.) We do not discuss the right of the committee to waive the privilege under section 34 aforesaid since our conclusion arrived at in our discussion under objection (d) applies here with equal force and effect and renders further discussion unnecessary. And although this is an application for an examination before trial and for the production under section 296 of the Civil Practice Act of " all pertinent books and records " in the custody of the State of New York for the purposes in said section set forth, and although no specific reference has been made by claimant to section 34 of the Mental Hygiene Law, we are of the opinion, nevertheless, that we should consider the same in connection with this application, and we have done so. We conclude that the record mentioned in subdivision 9 of section 34 aforesaid should be made *accessible* to claimant as in said section is provided; and this court being a court of record and authorized to make such an order, the order to be submitted herein may contain a provision to that effect.

Continuing our discussion of the request of the claimant for the production of " all pertinent books and records ", on the examination to be held hereunder, the State of New York is directed to produce upon said examination before trial all books and records pertinent to and required to be kept concerning and with respect to the incompetent, their use, however, under this direction to produce on said examination to be solely for the purposes set forth in section 296 of the Civil Practice Act of the State of New York and in accordance with the provisions of said section.

In our opinion the relief which we have provided for herein is material and necessary to the prosecution of the claim.

Nothing herein contained shall be construed as directing or ordering the making accessible to the claimant under subdivision 9 of section 34 of the Mental Hygiene Law of the record referred to therein of any person or persons deceased or living other than that of the incompetent herein and/or as directing

or ordering the examination of witnesses and the production of books and records in connection therewith concerning any person or persons deceased or living other than the incompetent herein, which examination and production of books and records and the making accessible of the record required to be kept under said section 34 would entail the disclosure of matters as to which such other person or persons living or, if deceased, their personal representatives, would have the right to raise the question of privileged or confidential communication.

The order to be submitted herein shall provide that only employees of the State of New York may be examined, and that the examination shall be had and the books and records to be produced shall be produced at the Hudson River State Hospital at Poughkeepsie, New York, before a person designated according to law and agreed upon by the parties hereto, on a day and at a time agreed upon by the parties hereto and at such other and further time to which said examination may be adjourned by mutual consent; and shall provide further that the fees and expenses of such examination shall be paid by the claimant including the cost of a copy of the stenographer's minutes to be furnished to the Attorney-General of the State of New York. If the parties are unable to agree concerning the matters left to them for agreement herein, the court, without further notice, will make provision for the same in the order to be submitted.

Settle order on notice.