Alexander Del Gtorno, J.
This is a motion for an order, pursuant to section 20 and subdivision 9 of section 34 of the Mental Hygiene Law, permitting claimant to inspect all records of Utica State Hospital pertaining to one Charles Hatz, who was an inmate and patient therein during the year 1959 and at other times."
The claim, is to recover damages for the alleged negligence of the State of New York in discharging the said Hatz, a mental patient, who on August 27, 1959 assaulted and shot claimant *408 Theresa Peters. As a result she was crippled permanently. The former patient Hatz subsequently committed suicide.
Upon the basis of the moving papers, the application for an examination of the hospital records cannot be granted. (Shaw v. State of New York, 23 Misc 2d 125; Boykin v. State of New York, 13 Misc 2d 1037, affd. 7 A D 2d 819; Torres v. State of New York, 14 Misc 2d 246; Montgomery County Trust Co. v. State of New York, 283 App. Div. 1008; McGrath v. State of New York, 200 Misc. 165.)
The hospital records cannot be utilized as a discovery and inspection which is permissible under the Mental Hygiene Law where claimant seeks an examination of his own records. (Matter of Warrington [State of New York], 303 N. Y. 129; Matter of Bradshaw [State of New York], 5 A D 2d 511.) Where the hospital records relate to another person, the records shall be produced for use in accordance with section 296 of the Civil Practice Act. (Torres v. State of New York, supra.)
The claimant, if she moves for an examination before trial of the State of New York, may request the production by the State of the records of Utica Hospital for use in accordance with section 296 of the Civil Practice Act, except as to entries therein of professional opinions referring to the patient’s propensities, diagnosis and prognosis.
Under the present posture of the law, the relief sought, although based on an apparently worthy case, must be denied.
The motion accordingly is denied, with leave to claimant to renew her motion for the relief sought upon such proper grounds as she may be advised. Submit order.