Henry J. Latham, J.
Motion for an order ‘ ‘ pursuant to Section 20 of the Mental Hygiene Law of the State of New York permitting the defendant to inspect and examine alt hospital and medical records and memoranda pertaining to the plaintiff Jeanne Moskowitz ”.
The basic question presented herein is whether the defendant may obtain a copy of a mental hospital record of said plaintiff, a record whiph she has specifically, in writing, authorized the defendant to obtain. This is a negligence action in which said plaintiff claims aggravation of a pre-existing psychosis. The *1054 disclosure is resisted by the hospital which states that the privilege may only be waived at the trial and that public policy forbids the disclosure prior thereto.
One motion seeking the production of these records has already been denied. The authorities seem to sustain the position that on the facts stated above the present motion should be denied. (La Plante v. Garrett, 282 App. Div. 1096; Jaffe v. City of New York, 196 Misc. 710; cf. Boykin v. State of New York, 13 Misc 2d 1037, 1039-1040, affd. 7 A D 2d 819; Peters v. State of New York, 32 Misc 2d 407, 408.)
Nevertheless, common sense and the interests of justice dictate that this information should be made available to the defendant prior to the trial of this action. The plaintiffs’ attorneys have submitted no papers in opposition and, as noted above, the female plaintiff herself has consented in writing to the disclosure.
The last sentence of section 354 of the Civil Practice Act appears to provide the only method by which the privilege under section 352 may be waived before trial, i.e.: “ But the attorneys for the respective parties, prior to the trial of the judicial action or proceeding, may stipulate for such waiver, and the same shall be sufficient therefor.”
Under such circumstances the motion is granted on condition that the attorneys execute a stipulation in compliance with the above-quoted provision of section 354, in which event the hospital will make the records available to defendant upon presentation of a copy of that stipulation and of the order to be entered hereon. Should plaintiffs’ attorneys refuse to enter into such stipulation defendant may, if so advised, apply for a stay of this action until such a stipulation has been executed and a discovery and inspection had. (Cf. Kriger v. Holland Furnace Co., 12 A D 2d 44.)