Benjamin Brenner, J.
This is a proceeding, in the nature of mandamus, in which the petitioner seeks to compel the Board of Education to allow him to inspect the names and addresses of students who were in a particular class with him at Grover Cleveland High School in the academic year 1963-64, for the purpose of allowing him to prepare a defense in a pending criminal action.
The board opposes on the grounds that such lists are privileged and confidential, and that an administrative ruling contained in the Board’s Manual of School Office Procedures and Practices states: “No information may be given .to private detectives, solicitors, collectors or investigators for mercantile agencies, and the like, ¡ seeking to trace families through the medium of school records. * * * In cases where persons *518 seek to trace families for personal reasons or where insurance agents are trying to prevent lapse of policy, the principal may authorize the mailing of a letter to the last known address of the family.”
At common law the right to inspect records of a public nature, not detrimental to the public interest, exists as to persons who have sufficient interest in the subject matter (Matter of Egan, 205 N. Y. 147 [1912]; Matter of Van Allen v. McCleary, 27 Misc 2d 81 [Sup. Ct, Nassau County, 1961]). It has even been held that one’s interest in public records need not be of personal concern (Matter of Werfel v. Fitzgerald, 23 A D 2d 306 [2d Dept., 1965]). In certain instances, however, the policy of free inspection may be superseded by statute or otherwise to preserve the confidentiality of the records sought to be inspected where confidentiality weighs more heavily in the public interest than the right to inspect (Matter of Cherhis v. Impellitteri, 307 N. Y. 132 [1954]; Greff v. Havens, 186 Misc. 914 [Sup. Ct., N. Y. County, 1946]).
Section 51 of the General Municipal Law provides for taxpayers’ actions against and inspection of public records of subdivisions of the State. In 1951 the Court of Appeals held that school districts were not within the purview of the section (Schnepel v. Board of Educ. of City of Rochester, 302 N. Y. 94). In 1962 the section was amended to extend the right of inspection to the records of other “bodies corporate” possessing certain powers (L. 1963, ch. 528; see Governor’s message, N. Y. Legis. Annual, 1962, p. 328). It is not clear whether the amendment effectively granted the right of inspection of school records, and thus the question remains whether petitioner’s interest in the subject matter is sufficient under common-law rules to establish his right to the inspection (Matter of Werfel v. Fitzgerald, 23 A D 2d 306 [2d Dept., 1965]).
It should be observed that we are dealing with a record that may be helpful in defense of a criminal prosecution. Thus, in Matter of Werfel v. Fitzgerald (supra), the Appellate Division, Second Department, said, with reference to the inspection of a record in a criminal proceeding by one not a party to the proceeding (p. 312): “ Indeed, as already noted, in the one specific instance which the petitioner alleges in his petition, the paper desired was a docket book which contained an entry of importance to a client represented by the petitioner — an address of a witness whose testimony would assist in the client’s defense. Based on this allegation, we think that for a reason apart from the general right to inspect public records, the petitioner was entitled to examine the docket book. Where the defense of a *519 person accused of a crime requires access to 'public records or even to records sealed from general examination, the right of inspection has a greater sanction and must be enforced (Ex parte Uppercu, 239 U. S. 435, 440; Jackson v. Mobley, 157 Ala. 408; Daly v. Dimock, 55 Conn. 579).” (Emphasis supplied.)
It would seem, therefore, that in the case at hand the right of inspection to prepare a defense in a criminal prosecution has greater sanction than the right to close the record, based on the claim of confidentiality asserted by the Board of Education. I must add that the policy of the Board of Education as enunciated in the administrative ruling quoted is sound and ordinarily should be given sanction, even if it defeat the common-law right to inspect. However, that policy must yield in situations where, as here, an individual wishes a limited inspection of a specific class roll to obtain the name and address of a fellow classmate to assist him in defending a criminal, indictment. Accordingly, petitioner’s motion is granted.