Arthur S. Hirsch, J.
On August 11, 1953 petitioner was certified by the Department of Mental Hygiene of the State of New York as a mentally incompetent person under section 74 of the former Mental Hygiene Law and was confined in Brooklyn State Hospital for a period of six months. More than 23 years later, petitioner moved in this court last year to have the certification vacated and all records thereto expunged. His motion was denied and petitioner is proceeding pro se in appealing said motion to the Appellate Division.
The instant motion is for an order directing the release to petitioner of all sealed records relating to a Department of Mental Hygiene certification of petitioner on August 11, 1953 filed in the office of the County Clerk of the County of Kings, which petitioner claims is necessary for the preparation of the appeal.
The relevant statute, section 31.31 of the Mental Hygiene Law, concerning sealed records of a hearing on an involuntary admission of a patient pursuant to medical certification provides: (f) The papers in any proceeding under this article which are filed with the county clerk shall be sealed and shall be exhibited only to the parties to the proceeding or someone properly interested, upon order of the court.
As a party to the proceeding which resulted in the commitment, the petitioner is one of the designated persons listed in the statute who may have access to sealed records filed in the office of the County Clerk, should the court decide petitioner’s request for said records is legitimate and appropriate.
Respondent, County Clerk, in objecting to the release of the records argues that petitioner is merely seeking relief denied in his motion now being appealed. He contends that records of a patient in a mental hospital are of such confidential nature that public policy requires they not be revealed except on a strong showing of legitimate and proper call therefor. To *112 buttress this contention, respondent cites a 1953 case (Matter of Hild, 124 NYS 2d 271). The Hild court acknowledged that the purpose of the prevailing 1927 mental hygiene statute (comparable to the present statute) was to make records to a patient of a mental facility accessible, provided a commissioner or a Judge of a court of record, after considering the facts of a given case, passed upon the propriety of the requested action. (Id., at p 273.) The court, therefore, under appropriate circumstances could unseal records and make them available to former patients. The court in Hild denied the application only because petitioner had not shown that the records were germane to issues raised in a pending divorce action in a foreign State for which purpose they were to be used.
There is no question that the records in the instant case are competent, material and relevant to petitioner’s appeal from an order denying his request to have those same records vacated and expunged. He is seeking in this motion to have access to the records unlike his initial motion in which he asked that they be destroyed. His ability to competently argue his appeal which he intends to do pro se may well hinge on his study of the very records that are the focal point of the proceeding.
In regard to respondent’s reference to public policy, it is to be noted the Mental Hygiene Law which allows for concealment of mental institution records was enacted primarily to save patients from humiliation, embarrassment and disgrace (Munzer v Blaisdell, 183 Misc 773). This rationale for keeping records sealed cannot seriously be applied to the instant situation as it is the petitioner who waived the privilege in order to prepare himself for the appeal. Public policy, especially in light of today’s positive attitude towards openness and against bureaucratic concealment would demand that a litigant be facilitated in obtaining his records.
A second case is offered by respondent to support his objections (Gotkin v Miller, 379 F Supp 859, affd 514 F2d 125). The United States District Court ruled that the withholding from plaintiff of records of certain mental hospitals was not a violation of plaintiff’s constitutional rights. In Gotkin, the plaintiff had been a voluntary mental patient at mental hospitals for a series of threatened suicides. She wanted the record of her stay at these institutions to help her verify some *113 data which she had included in a soon to be published book about her psychiatric experiences.
The court succinctly differentiated between plaintiff’s need for the records as opposed to the needs of a litigant in a pending legal action (379 F Supp, at p 868). The petitioner in the instant action is of the latter group, having filed his notice of appeal in the Appellate Division of this State.
The use to which records will be put is a determinant factor in unsealing records of mental institutions. If an applicant needs to obtain information necessary to proceed with litigation, it is reasonable that he should be afforded the opportunity to review and to receive a copy of those records he needs including the order for his commitment, the papers upon which it was granted, as well as all records pertaining thereto. (Lee v State of New York, 183 Misc 615.)
The court concludes petitioner has shown sufficient and legitimate need for records to be used in a pending litigation and further, that respondent has shown no public policy requiring a denial of petitioner’s access to said records.
Accordingly, upon the foregoing papers, the petitioner’s motion is granted. Petitioner may examine the sealed records of his commitment on file in the County Clerk’s office under such supervision as the County Clerk may deem proper.