Justin JONES, Appellant,

v.

Steven BAISCH, M.D.; Region West Pediatric Services, P.C., a Professional Corporation, Appellees.

No. 93–3946.

United States Court of Appeals, Eighth Circuit.

Submitted June 7, 1994.

Decided Oct. 24, 1994.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

## PER CURIAM.

In this diversity action, the District Court [1] entered summary judgment in favor of defendants, —— F.Supp. ——. Justin Jones appeals, and we affirm.

### I.

The parties agree on the material facts. Defendant Dr. Steven Baisch was the sole stockholder of Defendant Region West Pediatric Services (Region West). Nurse Joyce Hallgren and her daughter, Nurse's Assistant Jeni Hallgren, were employees of Region West. In 1989, Jones sought treatment at Region West because he had developed a blistering in his genital area. Baisch diagnosed him as suffering from genital herpes. Joyce learned of the diagnosis from another Region West employee. Thereafter, during a family discussion concerning sexuality, Joyce warned Jeni that Jones had genital herpes. After Jeni confirmed what her mother had told her by examining Jones's medical records, she informed her friends and some of Jones's friends that Jones had herpes. When Jones discovered that Jeni had disclosed his condition to others, he contacted Baisch, who in turn interviewed the Hallgrens. They admitted that they had breached the confidentiality of Jones's medical records in violation of Region West's employee handbook.[2] Baisch then advised them about the harm they had caused and cautioned them about making further disclosures.

After Jones discovered that Jeni had continued to inform her friends about his condition, he filed suit in Nebraska District Court

James K. Zimmerman, Scottsbluff, NE, for appellant.

William T. Wright, Timothy M. Welsh, Kearney, NE, for appellees.

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

2. Relevant to this appeal, the handbook stated:
   *Confidential Information*
   Information about patients, their illnesses or their personal lives, must be kept completely confidential. When talking with a patient about matters pertaining to them, visit with them in a way that allows for privacy. Case histories, confidential papers and even appointment book information, are to be kept where passing patients will not see them. *DO NOT GIVE ADVISE* [sic] to patients on personal matters, even if they ask for it. It is improper and unlawful for you to reveal information about anyone to anyone, without expressed, [sic] clear, written consent of that person, even to persons within the same family....
   ... Breach of confidentiality is grounds for termination.

against Baisch and Region West.[3] The complaint asserted causes of action for (1) invasion of privacy arising out of the disclosure of confidential medical information, and (2) intentional infliction of emotional distress arising out of defendants' failure to settle with Jones. In addition, Jones alleged that defendants were liable on the basis of respondeat superior for breach of their professional duty to maintain the confidentiality of Jones's medical records.

## II.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Dillaha v. Yamaha Motor Corp., U.S.A.,* 23 F.3d 1376, 1377 (8th Cir.1994). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.; see also* Fed.R.Civ.P. 56(c). We review de novo a district court's determination of state law. *See Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

### A.

We agree with the District Court that the complaint failed to state a claim under Nebraska's privacy statutes because the disclosures were not false. *See Schoneweis v. Dando,* 231 Neb. 180, 435 N.W.2d 666, 670 (1989); *see also* Neb.Rev.Stats. §§ 20–204 (1987). In addition, the District Court correctly determined that Jones failed to state a claim for intentional infliction of emotional distress. *See Braesch v. Union Ins. Co.,* 237 Neb. 44, 464 N.W.2d 769, 778–79 (1991) (no cause of action for intentional infliction of emotional distress when insurance company refused to settle claim, because conduct not "sufficiently outrageous").

### B.

We also reject Jones's argument that, in these circumstances, the Nebraska Supreme Court would extend liability to defendants on the basis of respondeat superior

for failure to maintain the confidentiality of Jones's medical records. In Nebraska, to recover under the doctrine of respondeat superior, a plaintiff must demonstrate that, at the time of the alleged tort, a master and servant relationship existed and that the servant was acting within the scope of his employment. *See Strong v. K & K Invs.,* 216 Neb. 370, 343 N.W.2d 912, 915 (1984). According to the Nebraska Supreme Court, the "conduct of a servant is within the scope of employment if, but only if, it is of the kind he is employed to perform, it occurred substantially within the authorized time and space limits, and it is actuated, at least in part, by a purpose to serve the master." *Id.* 343 N.W.2d at 915–16.

The uncontroverted evidence shows that the Hallgrens were not acting within the scope of their employment when they disclosed Jones's diagnosis. In their depositions, the Hallgrens testified that they were not authorized to reveal patients' medical records and that disclosure of Jones's condition did not occur substantially within the authorized work time and space limits. In fact, the employee handbook specifically forbade disclosures of patients' medical records, and, after learning of the disclosures, Baisch reprimanded the Hallgrens and warned them against further disclosures. Moreover, it is clear that the unauthorized disclosures made by the Hallgrens were not actuated in any way by a purpose to serve their employer. Because Jones failed to proffer any contradictory evidence, defendants were entitled to summary judgment as a matter of law on the respondeat-superior claim.

The cases cited by Jones in his briefs do not alter our analysis. In *Simonsen v. Swenson,* 104 Neb. 224, 177 N.W. 831 (1920), the Nebraska Supreme Court held only that a physician can be liable for his own breach of a patient's confidence, and did not address whether the physician can be liable for his employee's unauthorized breach of a confidence. *Id.* 177 N.W. at 832. Furthermore, *Branch v. Wilkinson,* 198 Neb. 649, 256 N.W.2d 307 (1977), actually undermines Jones's argument and supports our under-

---

3. Joyce and Jeni were named as defendants in the complaint. They consented to have judgment

of $50,000 entered against them and are not parties to this appeal.

standing of Nebraska law: only when an employee is acting pursuant to a physician's direction will the employee's actions be imputed to the physician. *See Branch,* 256 N.W.2d at 312–13 (patient-physician testimonial privilege "extends not only to physicians but to their *agents* as well" (emphasis added)); *see also Grote v. Meyers Land & Cattle Co.,* 240 Neb. 959, 485 N.W.2d 748, 756–57 (1992) (law imputes to principal responsibility for negligent acts of his agent performed in obedience to the principal's express orders or directions). Finally, *Swassing v. Baum,* 195 Neb. 651, 240 N.W.2d 24 (1976), does not support Jones's arguments. In *Swassing,* the Nebraska Supreme Court was distinguishing between professional negligence and other negligence for purposes of determining which statute of limitations applied to the case. *Id.* 240 N.W.2d at 26–27. *Swassing* does not hold a physician liable for the negligence of an employee acting outside the scope of employment.

In light of the foregoing, we conclude that the District Court did not err by granting summary judgment in favor of the defendants and against Jones.[4]

### III.

For the reasons stated above, the judgment of the District Court is affirmed.

---

4. After the District Court granted summary judgment, Jones moved for a new trial. The District Court, apparently treating it as a motion for reconsideration, denied the motion because it was not accompanied by a supporting brief as required by a local court rule. *See* D.Neb.Local R. 7(a)(1). Jones, on appeal, argues that the court abused its discretion by denying his motion because no brief is required under the rule if the motion does not raise "a substantial issue of law." *Id.* We find that substantial issues of law were raised by the motion, and hold that the court's refusal to reconsider its summary judgment was not an abuse of discretion.