People v Isidore (2019 NY Slip Op 02219)





People v Isidore


2019 NY Slip Op 02219


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


277 KA 16-00759

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVIN D. ISIDORE, DEFENDANT-APPELLANT. 






TULLY RINCKEY, PLLC, ROCHESTER (PETER J. PULLANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 23, 2016. The judgment convicted defendant, upon a jury verdict, of attempted predatory sexual assault against a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of attempted predatory sexual assault against a child (Penal Law §§ 110.00, 130.96). We reject defendant's contention that Supreme Court erred in admitting in evidence the results of his medical examination while incarcerated, which showed that he had chlamydia. Contrary to defendant's contention, the physician-patient privilege does not apply here. The physician-patient privilege "is not absolute . . . The Legislature has enacted a number of narrow exceptions abrogating it for various public policy reasons" (People v Sinski, 88 NY2d 487, 491 [1996], rearg denied 88 NY2d 1018 [1996]), and Public Health Law § 2101 (1), requiring disclosure of communicable diseases, including chlamydia (see 10 NYCRR 2.1 [a]), is one of them (see Sinski, 88 NY2d at 492; Thomas v Morris, 286 NY 266, 269 [1941]). We further agree with the court that Public Health Law § 2306 did not prohibit disclosure of the medical records inasmuch as the relevant medical records were released "by court order in a criminal proceeding" (id.).
We reject defendant's contention that he was deprived of a fair trial by prosecutorial misconduct on summation. "The allegedly improper comments were either a fair response to defense counsel's summation or fair comment on the evidence" (People v Easley, 124 AD3d 1284, 1285 [4th Dept 2015], lv denied 25 NY3d 1200 [2015] [internal quotation marks omitted]). Even assuming, arguendo, that some of the prosecutor's comments were improper, we conclude that " they were not so egregious as to deprive defendant of a fair trial' " (People v Stanley, 108 AD3d 1129, 1131 [4th Dept 2013], lv denied 22 NY3d 959 [2013]; see People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012]). Contrary to defendant's further contention, the court did not abuse its discretion in precluding certain evidence of third-party culpability inasmuch as it was speculative (see generally People v Powell, 27 NY3d 523, 531 [2016]; People v Schulz, 4 NY3d 521, 529 [2005]). The sentence is not unduly harsh or severe.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court