Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and Kinser, JJ., and Whiting, Senior Justice

FAIRFAX HOSPITAL, BY AND THROUGH
INOVA HEALTH SYSTEM HOSPITALS, INC.

OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 962068        October 31, 1997

PATRICIA CURTIS

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

I.

In this appeal we consider, among other things, whether a patient has a cause of action against a health care provider which voluntarily disseminated the patient's medical records to third parties without the patient's authorization.

II.

Seeking compensatory and punitive damages, Patricia Curtis filed a motion for judgment against INOVA Health System Foundation, Inc., Linda Beckett, and Nancy Perrelli and another motion for judgment against INOVA Health System Hospitals, Inc., which owns and operates Fairfax Hospital. Both motions for judgment were consolidated by order of the trial court. As relevant to this appeal, the plaintiff alleged in her motions for judgment that the defendants improperly disseminated her "private and confidential medical records and treatment information" to third persons.

The defendants asserted in a demurrer and plea in bar that: the plaintiff waived any privilege of confidentiality in her medical records by filing a medical malpractice

claim; the plaintiff had not alleged a cause of action because she sought damages solely for emotional distress; and the plaintiff's claims were barred by the applicable statute of limitations. Overruling the demurrer, the court held that the plaintiff had a cause of action against the defendants for the unauthorized dissemination of her medical records without her consent. The court also denied the defendants' special plea of the statute of limitations.

The litigants stipulated the relevant facts underlying this dispute, but disagreed about the application of the law. Consequently, the litigants submitted factual statements with exhibits to the trial court and stipulated damages. The trial court entered a judgment on behalf of the plaintiff for the amount of the stipulated damages, $100,000, and the defendants appeal.

### III.

Plaintiff received prenatal care at Fairfax Hospital beginning in July 1988. She was admitted to Fairfax Hospital in January 1989, and gave birth to a child, Jessie Curtis, on February 13, 1989. During the course of such treatment, she communicated personal information, including her medical history, to Fairfax Hospital's employees. Jessie later suffered a cardiopulmonary arrest and died.

In March 1990, Patricia Curtis, in her capacity as administrator of the estate of Jessie Curtis, filed a notice of claim against Fairfax Hospital System, Linda Beckett, and

others, pursuant to the Virginia Medical Malpractice Act.[1] Beckett was a nurse in the Hospital's neonatal intensive care unit at the time of Jessie's birth.

Following receipt of the notice of claim, Nancy Perrelli, INOVA Health System Foundation's Director of Legal Affairs, requested that the Hospital provide a complete copy of Patricia Curtis' medical records to Gerald R. Walsh, an attorney for the Hospital.  Subsequently, Walsh directed "that a copy of the medical records be provided to Nurse Beckett."  Perrelli complied with Walsh's directive.

The plaintiff's counsel learned during a discovery deposition of Beckett that she "had possession of, and had reviewed three to four days before the deposition, the medical records obtained from Perrelli, pursuant to the direction of defense counsel Walsh.  Beckett brought a copy of the medical records to the deposition."  The medical records contained very personal information about plaintiff's medical history before and after her pregnancy with Jessie Curtis.

IV.

A.

The defendants, relying upon Pierce v. Caday, 244 Va. 285, 422 S.E.2d 371 (1992), argue that Virginia does not

---

[1] Patricia Curtis, administrator of the estate of Jessie Curtis, subsequently filed a motion for judgment against Fairfax Hospital and recovered a judgment which was affirmed by this Court.  See Fairfax Hosp. Sys., Inc. v. Curtis, 249 Va. 531, 457 S.E.2d 66 (1995).

recognize a cause of action against a health care provider for the unauthorized disclosure of a patient's medical records. The plaintiff asserts, however, that she does have a cause of action against the defendants for the voluntary disclosure of her confidential medical records without her authorization. We agree with the plaintiff.

In Pierce v. Caday, a patient filed an action against her physician for the physician's alleged failure to assure nondisclosure of the patient's confidential information. The patient alleged that, even though her physician had assured her that certain matters she had discussed with him would remain confidential, the physician's employees had discussed the confidential information with others. The trial court dismissed the patient's action because, inter alia, she had failed to give the physician written notice of the claim prior to filing suit, as required by former Code § 8.01-581.2(A) of the Virginia Medical Malpractice Act, and her motion for judgment was insufficient in law because it failed to state a cause of action.

Declining to decide whether Virginia recognizes a cause of action against a health care provider for the wrongful disclosure of the patient's medical records and information because such issue was not dispositive of our decision in Pierce, we stated:

> "Some courts in other jurisdictions . . . have recognized the nonstatutory right of a patient to recover damages from a physician for unauthorized disclosure of confidential communications concerning the patient; other courts have refused to create such a cause of

> action. . . .
>
> In view of the General Assembly's repeated recognition of the privilege, we easily could adopt the view that a civil remedy lies in favor of a patient against a physician if the physician, or anyone under the physician's control, without the patient's consent makes an extra-judicial disclosure of confidential information obtained in the course of the physician-patient relationship. . . .
>
> But it is unnecessary for us today to recognize expressly the existence of such a cause of action in Virginia in order to decide this case. Indeed, the issue has not been raised or debated, the parties presuming that such a cause of action is available. Therefore, we will assume without deciding that such an action will lie."

244 Va. at 290-91, 422 S.E.2d at 373-74 (citations omitted).

In our jurisprudence, a health care provider owes a duty of reasonable care to the patient. Included within that duty is the health care provider's obligation to preserve the confidentiality of information about the patient which was communicated to the health care provider or discovered by the health care provider during the course of treatment. Indeed, confidentiality is an integral aspect of the relationship between a health care provider and a patient and, often, to give the health care provider the necessary information to provide proper treatment, the patient must reveal the most intimate aspects of his or her life to the health care provider during the course of treatment.

We hold that in the absence of a statutory command to the contrary, or absent a serious danger to the patient or others, a health care provider owes a duty to the patient not to disclose information gained from the patient during

the course of treatment without the patient's authorization, and that violation of this duty gives rise to an action in tort. We observe that our holding today is consistent with decisions of most jurisdictions which have considered this issue. See Horne v. Patton, 287 So.2d 824, 830 (Ala. 1974); Alberts v. Devine, 479 N.E.2d 113, 119 (Mass.), cert. denied, 474 U.S. 1013 (1985); Simonsen v. Swenson, 177 N.W. 831, 832 (Neb. 1920); MacDonald v. Clinger, 446 N.Y.S.2d 801, 804 (N.Y. App. Div. 1982); Humphers v. First Interstate Bank, 696 P.2d 527, 535 (Or. 1985); but see Quarles v. Sutherland, 389 S.W.2d 249, 252 (Tenn. 1965) (rejecting a cause of action in tort for health care provider's dissemination of patient's confidential information).

B.

The defendants suggest that even if the plaintiff has a cause of action for the wrongful disclosure of her medical records, she is not entitled to recover against them because she placed her medical condition "at issue" when she filed the notice of medical malpractice against the Hospital and others to recover damages for the death of her daughter. The plaintiff responds that she did not waive her right to the confidentiality of her medical records by preparing to file, and by later filing, an action against the Hospital and others in her capacity as administrator for her deceased daughter's estate.

Code § 8.01-399, in effect when the wrongful disclosures were made, and which we have described as

"merely a rule of evidence," <u>Pierce</u> v. <u>Caday</u>, 244 Va. at

290, 422 S.E.2d at 373, stated:

> "Except at the request of, or with the consent of, the patient, no duly licensed practitioner of any branch of the healing arts shall be required to testify in any civil action, respecting any information which he may have acquired in attending, examining or treating the patient in a professional capacity if such information was necessary to enable him to furnish professional care to the patient; <u>provided, however, that when the physical or mental condition of the patient is at issue in such action</u> . . . no fact communicated to, or otherwise learned by, such practitioner in connection with such attendance, examination or treatment shall be privileged and <u>disclosure may be required</u>."
> (Emphasis added).

Code § 8.01-399, before amendment in 1993, permitted

disclosure of information that a patient had conveyed to a

health care provider when that patient's physical or mental

condition was <u>at issue in a civil action in certain</u>

<u>circumstances</u>.  Additionally, the express words contained in

the aforementioned version of Code § 8.01-399 state that

"disclosure <u>may</u> be required."

This statute did not automatically compel disclosure of

a patient's confidential medical information in all

instances, but permitted a court, in the exercise of its

discretion, to require disclosure of such information.  We

hold that if the patient did not manifestly place his or her

medical condition at issue in a civil proceeding, then the

statute required a determination by a judicial officer

whether the patient's condition was at issue in the civil

action before the health care provider was entitled to

disseminate the patient's confidential communications to third persons.

The notice of claim that the plaintiff forwarded to the Hospital and others, in her capacity as administrator of her daughter's estate, simply did not manifestly place Curtis' medical condition at issue. Thus, before disseminating such information, the Hospital was required, in accordance with the aforementioned version of Code § 8.01-399, to obtain permission from either a court or the patient. The defendants concede that they unilaterally disseminated the plaintiff's confidential medical records to an attorney and a nurse without the requisite consent from the patient or determination from a judicial officer.[2]

---

[2]Code § 8.01-399 has been subsequently amended and currently states in relevant part:

> "A. Except at the request or with the consent of the patient, no duly licensed practitioner of any branch of the healing arts shall be required to testify in any civil action, respecting any information which he may have acquired in attending, examining or treating the patient in a professional capacity.
> B. Notwithstanding subsection A, when the physical or mental condition of the patient is at issue in a civil action, facts communicated to, or otherwise learned by, such practitioner in connection with such attendance, examination or treatment shall be disclosed but only in discovery pursuant to the Rules of Court or through testimony at the trial of the action. In addition, disclosure may be ordered when a court, in the exercise of sound discretion, deems it necessary to the proper administration of justice. However, no disclosure of facts communicated to, or otherwise learned by, such practitioner shall occur if the court determines, upon the request of the patient, that such facts are not relevant to the subject matter involved in the pending action or do not appear to be reasonably calculated to lead to the

C.

The defendants point out that during the subsequent medical malpractice panel proceedings, the chairman of the panel granted Beckett's motion to depose Curtis over her objections because "Patricia Curtis' health is at issue in this action, [and] the privilege may not be asserted."  The defendants also note that in the civil action styled Patricia Curtis, as Administrator for the Estate of Jessie Curtis, et al. v. Fairfax Hospital Systems, Inc., the trial court ruled that the defendants were entitled to obtain Patricia Curtis' medical records from other health care providers covering a period of two years before and one year after the birth of the deceased infant.  Continuing, the defendants assert that these rulings demonstrate that the

discovery of admissible evidence.

. . . .

D.  Neither a lawyer, nor anyone acting on the lawyer's behalf, shall obtain, in connection with pending or threatened litigation, information from a practitioner of any branch of the healing arts without the consent of the patient except through discovery pursuant to the Rules of the Court as herein provided.

. . . .

F.  Nothing herein shall prevent a duly licensed practitioner of the healing arts from disclosing any information which he may have acquired in attending, examining or treating a patient in a professional capacity where such disclosure is necessary in connection with the care of the patient, the protection or enforcement of the practitioner's legal rights including such rights with respect to medical malpractice actions, or the operations of a health care facility or health maintenance organization or in order to comply with state or federal law.

plaintiff's medical condition was at issue and, hence, she had no privilege in the disseminated medical records.

The defendants' contentions are not persuasive. The defendants disseminated the plaintiff's medical records before the aforementioned rulings of the medical malpractice panel and the trial court in the subsequent civil action. And, as we have already noted, an independent judicial officer, not the Hospital or the director of legal affairs for the Hospital's parent company, was the appropriate person to make the determination whether Curtis' physical condition was at issue.

D.

The defendants contend that a health care provider who discloses medical confidences without the patient's consent should only be subjected to liability if such disclosure was made in a "non-judicial" context. The defendants say that "[i]n Pierce v. Caday, this Court carefully noted that if it were to recognize a theory of tort liability against a physician for the unauthorized disclosure of medical confidences, such an action would be limited to 'extra-judicial' disclosures."

As we have already demonstrated, the defendants' assertion is without merit because in Pierce we did not consider whether we would recognize a cause of action for the wrongful dissemination of a patient's medical information; nor did we articulate what limitations, if any, we would place upon such cause of action. Furthermore, the

disclosure of the plaintiff's confidential information in this case did constitute an "extra-judicial disclosure." Here, the Hospital's director of legal affairs made a unilateral decision to disseminate the plaintiff's medical records to the Hospital's attorney and a nurse without a judicial determination that the plaintiff's physical condition was at issue and without the determination that disclosure of those records was required.

V.

The defendants assert that the trial court erred by ruling that the plaintiff was entitled to recover for emotional distress caused by the defendants' negligent acts. We disagree.

As a general rule, in tort cases, absent accompanying physical harm or wanton and willful conduct, emotional distress damages are not recoverable. Carstensen v. Chrisland Corp., 247 Va. 433, 446, 442 S.E.2d 660, 668 (1994)[3]; Sea-Land Serv., Inc. v. O'Neal, 224 Va. 343, 354, 297 S.E.2d 647, 653 (1982); Womack v. Eldridge, 215 Va. 338, 340, 210 S.E.2d 145, 147 (1974). However, as we noted in

_____

[3]Contrary to the defendants' assertions, the plaintiff's claim is unlike the claims we considered in Carstensen v. Chrisland Corp. There, the plaintiffs alleged, among other things, that they experienced humiliation, embarrassment, anger, frustration, and emotional distress because of a title insurance company's breach of its alleged fiduciary duty to them. Approving the trial court's judgment which dismissed the plaintiffs' claims, we held that the plaintiffs failed to identify an exception to the general rule which would have permitted them to recover emotional distress damages. 247 Va. at 445-46, 442 S.E.2d at 667-68.

Sea-Land, there are exceptions to this general rule: "[W]e have approved the recovery of damages for humiliation, embarrassment, and similar harm to feelings, although unaccompanied by actual physical injury, where a cause of action existed independently of such harm." 224 Va. at 354, 297 S.E.2d at 653.

Here, we are of opinion that the plaintiff's cause of action falls within the exception to the general rule because her cause of action is independent of the humiliation, embarrassment, and harm to feelings that she suffered. Without question, a patient, whose intimate personal medical information is wrongfully disseminated to third parties, will experience some degree of humiliation, embarrassment, and hurt. Under these circumstances, we perceive no logical reason to refuse recovery of emotional distress damages.

VI.

The defendants argue that the trial court erred by failing to grant their motion for summary judgment which asserted that the plaintiff's claims are barred by the two-year statute of limitations contained in Code § 8.01-243(A).[4] The defendants state that the trial court "concluded that the claims were subject to a two-year

---

[4] Code § 8.01-243(A) states in relevant part: "Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues."

limitations period which accrued on March 7, 1990. . . . Since the case at bar was not filed until February 4, 1994, Plaintiff's claims would be barred by limitations, but for the Court's conclusion that the filing of the wrongful death claim in November 1991 tolled the statute until the entry of a final order, which followed commencement of the instant actions."  Responding, the plaintiff argues that the defendants are precluded from raising this issue on appeal because they failed to raise it in the trial court.  We agree with the plaintiff.

As we have already stated, the plaintiff filed two separate motions for judgment against the defendant, and, the second motion, styled Patricia Curtis, Plaintiff v. Fairfax Hospital, by and through INOVA Health System Hospitals, Inc., contained a count captioned "Count I: Medical Malpractice."  The plaintiff alleged in that count that the defendant, Fairfax Hospital, breached the applicable standard of care owed to her by disseminating her medical records without her authorization.

The defendants filed a motion for summary judgment raising the statute of limitations defense.  The defendants stated in their motion:  "[d]efendants, Inova Health System Foundation, Inc., Nancy Perrelli, and Fairfax Hospital by and through Inova Health System Hospitals, Inc., . . . move this Court . . . for entry of Summary Judgment with respect to Count III (Conspiracy to Commit Malpractice) and Count V (Punitive Damages)."  The defendants' "Memorandum of Points

and Authorities in Support of Motion for Summary Judgment" asserted that the plaintiff's claims of conspiracy were barred by the two-year statute of limitations contained in Code § 8.01-243(A).

The trial court's opinion letter, which explained the court's rationale for denying the defendants' motion for summary judgment states: "[t]he defendants move now for summary judgment as to Count III (conspiracy to commit malpractice) and Count V (punitive damages), in support of which they claim that the statute of limitations bars the action. . . ." The trial court's order, denying the motion for judgment, incorporated its opinion letter by reference. The defendants filed a motion for reconsideration which stated: "[d]efendants, Inova Health System Foundation, Inc., Nancy Perrelli, and Fairfax Hospital . . . respectfully move this Court for reconsideration of its Order denying defendants' Motion for Summary Judgment with respect to Count III (Conspiracy to Commit Malpractice) and Count V (Punitive Damages)."

The defendants did not request, and the trial court did not make, a ruling on the issue whether the plaintiff's cause of action for negligence in Count I of her motion for judgment was barred by the statute of limitations. And, on the morning of trial, the plaintiff took a voluntary non-suit of her purported claim of conspiracy to commit malpractice. The defendants' statute of limitations defense was limited to the plaintiff's claim of conspiracy to commit

malpractice, and the statute of limitations defense was not asserted against the plaintiff's negligence claim.  Hence, the defendants may not, for the first time on appeal, assert the statute of limitations defense to bar the plaintiff's negligence action.  Rule 5:25.

VII.

In view of the foregoing, we will affirm the judgment of the trial court.

<u>Affirmed</u>.