# CIRCUIT COURT OF WISE COUNTY

Bahman Payman

v.

St. Mary's Hospital, Inc., et al.

March 17, 2004

Case No. L02-303

BY JUDGE JOHN C. KILGORE

This matter is before the Court on the demurrers of the defendants, St. Mary's Hospital, Inc. (St. Mary's), Bon Secours St. Mary's Hospital, Inc., (Bon Secours), and Gary Delforge, individually and as administrator of St. Mary's. The Court has considered both the *ore tenus* and briefed arguments of counsel, as well as the cases cited in support thereof. For the reasons that follow, the Court sustains the demurrers of defendants as to all counts alleged in the amended motion for judgment.

In the case at bar, plaintiff, Dr. Bahman Payman, in his amended motion for judgment, alleges defendants breached an employment contract by unjustifiably preventing performance, breached a duty of confidentiality, breached an implied contractual condition of confidentiality and engaged in material misrepresentation in the context of soliciting a peer review evaluation from Dr. Payman. The defendants have demurred on the grounds that the terms of the contract between the parties do not establish an employment contract, but instead classify Dr. Payman as an as-needed independent contractor; failure to state a cause for negligence or tort; failure to establish a contractual duty of confidentiality; failure to allege the false representation of a present or pre-existing material fact sufficient to support a claim for misrepresentation.

## I. *Facts of the Case*

The plaintiff, Dr. Payman, a board certified obstetrics and gynecology physician, entered into a contract with St. Mary's and Bon Secours on August 14, 2000, to provide medical services coverage "as needed." On October 31, 2000, Dr. Payman received from St. Mary's a request to complete an evaluation and credentials inquiry regarding a Dr. Gabor Laufer. Dr. Payman alleges he completed the form and returned it in early November 2000 to the office of Delforge, St. Mary's Administrator. On November 29, 2000, Dr. Payman received a letter from Dr. Gabor Laufer's attorney, stating that an answer Dr. Payman provided on the evaluation form was "misleading" and requesting that Dr. Payman "clarify" his answer in writing to St. Mary's administration. The letter further indicated that, should Dr. Payman refuse the request for clarification, "We will be forced to take additional measures that may cost you time, money, and embarrassment." Dr. Payman never responded to Dr. Laufer's request for clarification. St. Mary's subsequently hired Dr. Laufer, who allegedly refused to work with or have his patients covered by Dr. Payman. By December 2000, Dr. Payman alleges St. Mary's calls for him to provide services under the contract ceased without written notice or explanation. Under the terms of the contract, termination requires written notice or the occurrence of specified events. Dr. Payman alleges he has never received such written notice and that none of the specified events triggering termination of the contract had occurred.

## II. *Breach of Employment Agreement*

Sections 2 and 22 of the August 14, 2000, agreement clearly indicate the mutual intent of the parties. St. Mary's retained the services of Dr. Payman in the role of an "independent contractor" to provide OB/GYN services to the hospital for coverage on an "as needed" basis, to which Dr. Payman agreed. Section 22 of the agreement explicitly states that, "The physician shall not be considered an employee of the hospital for any purpose whatsoever." The agreement contains no provisions which set forth any definition of "coverage as needed" beyond the ordinary meaning of that term. Additionally, the agreement imposes no minimum requirements or duties upon St. Mary's in terms of use of Dr. Payman's services beyond those contained in § 2 of the agreement.

Dr. Payman relies upon *Pope v. Guardrail*, 219 Va. 111 (1978), for the proposition that a party to a contract may not unjustifiably prevent other parties' performance under the contract. Dr. Payman also cites *Steele v. Isikoff,*

130 F. Supp. 2d 23 (D. D.C. 2000), wherein the Court opined that an implied duty of good faith and fair dealing "prevents a party from evading the spirit of the contract, willfully rendering imperfect performance, or interfering with the other party's performance." Citing *Isikoff*, at 32. Without question, Virginia recognizes an implied duty of good faith and fair dealing in the context of contract law. However, this implied duty cannot be deemed to require St. Mary's to call on the services of Dr. Payman should it determine there is no need for his services. In order to prove a breach of the agreement, Dr. Payman must necessarily plead and prove St. Mary's required Dr. Payman's services. Even taken in the light most favorable to the plaintiff, Dr. Payman, the agreement between the parties creates no obligation on the part of St. Mary's to use Dr. Payman's services. Dr. Payman is only required to perform should his services be needed and that need is communicated to Dr. Payman by St. Mary's. Neither Dr. Payman's amended motion for judgment nor brief allege any contractual obligation or need on the part of St. Mary's to utilize Dr. Payman's services after November 2000. Instead, Dr. Payman relies on his argument that St. Mary's breached the agreement by failing to request his services, thereby preventing his performance. It is the opinion of the Court that there can be no breach in the absence of a duty, and the agreement between the parties imposes no affirmative duty on St. Mary's to engage the services of Dr. Payman. Therefore, the case at bar is inapposite to the factual situation presented in *Pope v. Guardrail*, and defendants' demurrer to the Count alleging breach of an employment contract is sustained.

### III. *Breach of Duty of Confidentiality*

Plaintiff Dr. Payman alleges defendants breached its duty of confidentiality by revealing the contents of a peer review of Dr. Laufer, completed by Dr. Payman, to Dr. Laufer. Dr. Payman relies on both a statutory duty to keep the peer review evaluation confidential, created by Virginia Code § 8.01-581.17, as well as a non-statutory duty based on implied contract.

Virginia Code § 8.01-581.17(B) reads:

> The proceedings, minutes, records, and reports of any (i) medical staff committee, utilization review committee, or other committee, board, group, commission, or other entity as specified in § 8.01-581.16 or (ii) nonprofit entity that provides a centralized credentialing service, together with all communications, both oral and written, originating in or provided to such committees or entities, are privileged

communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications. Additionally, for the purposes of this section, accreditation and peer review records of the American College of Radiology and the Medical Society of Virginia are considered privileged communications.

Dr. Payman contends the statutory language of § 8.01-581.17(B) prohibiting disclosure or discovery of peer review materials in civil litigation also creates a statutory duty of confidentiality, making disclosure of such information by the defendants an actionable breach. The plain language of § 8.01-581.17, as well as the cases cited by Dr. Payman's brief in support of his position evinces the intent of the Legislature to create a statutory privilege in order to protect peer review evaluations from involuntary disclosure in the discovery process of civil litigation. In short, § 8.01-581.17(B) has, to this point, provided a shield for health care providers to prevent disclosure of privileged information. Dr. Payman now seeks, apparently without precedent, to employ this section as a sword.

However, recognition of a duty of confidentiality with an attendant cause of action in tort for breach within the language of § 8.01-581.17(B) would require the Court to speak where the statute is silent. Therefore, this Court declines to create the duty of confidentiality and cause of action for breach which Dr. Payman now asserts and sustains defendants' demurrer as to the Count alleging breach of a statutory duty of confidentiality.

Dr. Payman also alleges defendants breached a "non-statutory" duty of confidentiality owed to Dr. Payman by disclosing the contents of Dr. Payman's peer review evaluation of Dr. Laufer. In his brief in opposition to the demurrer, Dr. Payman concedes that, whether such a duty, or cause of action for breach of said duty, exists is an open question under Virginia law. Arguing such a duty is analogous to the duty of a healthcare provider to preserve the confidentiality of patient records and medical information, Dr. Payman urges this Court to recognize an actionable duty of confidentiality in the context of peer review evaluations as well. Defendants concede that a physician may be held liable in tort for breach of the duty of confidentiality owed to a patient, but defendants argue this principle, based upon the special doctor/patient relationship, is irrelevant in the employment context of the instant case.

While recognizing the import and desirability of the public policy considerations presented by Dr. Payman's brief, the Court finds that the duty of confidentiality owed by a health care provider to its patient arises from the health care provider's larger duty of reasonable care owed to the patient, as well as the special nature of the relationship between doctor and patient. *Fairfax Hospital v. Curtis*, 254 Va. 437, 442 (1997). As the Court in *Fairfax Hospital* makes clear, confidentiality is an integral aspect of the health care provider and patient relationship, and touches "intimate aspects" of an individual's life necessarily revealed by the patient in the course of treatment. *Id.* The nature of the relationship between parties in the instant case has never been held to equate to the unique relationship between a health care provider and patient. Thus, no Virginia court has yet recognized the duty of confidentiality, nor the breach of such duty giving rise to an actionable tort, that Dr. Payman now asserts. Therefore, the Court finds that the underlying rationale creating the duty of confidentiality owed by a health care provider to a patient does not exist in the employment context of the instant case. Dr. Payman's amended motion for judgment fails to state a cause of action for breach of a non-statutory duty of confidentiality, and defendants' demurrer is sustained as to that Count.

Finally, Dr. Payman alleges defendants' October 31, 2000, letter forms the basis of a contract between the parties containing an implied condition that the evaluation and credentials inquiry would be kept confidential. Defendants demur to this allegation on two grounds. First, defendants contend the October 3, 2000, letter does not constitute a reasonably certain, definite, and understandable contract, citing *Smith v. Ferrell*, 199 Va. 121 (1957). Defendants argue that the letter contains no express promise of confidentiality and imposes no contractual duty on Dr. Payman. Secondly, defendants contend that neither an express nor implied promise of confidentiality creates an enforceable contract right citing *Krisha v. Times-World Corp.*, 62 Va. Cir. 33 (Roanoke City 2003).

I agree with defendants' arguments as to both points. The October 31, 2000, letter is insufficient as a matter of law to create a reasonably certain, definite, and understandable contract. See *Smith v. Farrell*, 199 Va. 121 (1957). Additionally, I find that, if the October 31, 2000, letter could be construed to create a valid contract between the parties, the defendants' characterization of the evaluation as confidential creates at most an implied obligation, not an express promise, on the part of defendants to keep Dr. Payman's responses in confidence. As such, Dr. Payman's amended motion for judgment fails to state a claim for breach of any recognized contractual duty, and defendants' demurrer as to this Count is sustained.

## IV. *Fraudulent Misrepresentation Claim*

In support of his claim for fraudulent misrepresentation, Dr. Payman relies on defendant's characterization of the peer review evaluation as "confidential" despite the subsequent disclosure of the contents to Dr. Laufer, the target of the peer review. Dr. Payman asserts that the inclusion of the word "confidential" in the peer review form document constitutes an express statement of confidentiality which he relied upon to his detriment.

In order to state a cause of action for fraudulent misrepresentation, a plaintiff must allege a false representation of a material, present, or pre-existing fact. *Lumbermen's Underwriting Alliance v. Dave's Cabinet, Inc.,* 258 Va. 377, 381-82 (1999); *Prospect Devel. Co. v. Bershader,* 258 Va. 75, 86 (1999). Fraud claims "cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Prospect Devel.,* at 86, citing *Patrick v. Summers,* 235 Va. 452, 454 (1988).

Dr. Payman's amended motion for judgment fails to allege a misrepresentation of a material, then existing fact occurring on October 31, 2000, with his receipt of the peer review evaluation. I find that the characterization of the peer review evaluation as confidential is, as defendants contend, a statement of the defendant's intention to keep the information in confidence in the future. As such, Dr. Payman's allegations fail to create a cognizable cause of action for fraudulent misrepresentation. The defendants' demurrer to the fraudulent misrepresentation count of Dr. Payman's amended motion for judgment is sustained.

For the reasons stated herein, the Court finds plaintiff's amended motion for judgment fails to state any claim upon which relief can be granted. The Court sustains the demurrers of defendants as to all counts and allegations contained in Dr. Payman's amended motion for judgment, and the Court orders this matter be dismissed and stricken from the docket.