# CIRCUIT COURT OF THE CITY OF RICHMOND

Beverly Smith

v.

Leslie J. Kryzanowski,
Angela Smith,
Deanna Cook,
Deborah S. Tinsley,
and Commonwealth of Virginia

October 17, 2005

Case No. LS-1780-1

BY JUDGE MELVIN R. HUGHES, JR.

After sustaining Defendants' demurrers, Plaintiff, with leave granted, has since filed a First Amended Motion For Judgment to which Defendants have again filed demurrers.

The three Defendants, a physician, the mother of the child in the underlying child custody case, and the mother's attorney in the custody case, all raise again the issue of whether Plaintiff's claims under 42 U.S.C. § 1983, for breach of contract and negligence constitute valid causes of action. On amendment, plaintiff has presented a new claim of medical malpractice against one of the three named defendants.

Plaintiff is the grandmother of the child in the custody case, which was heard in the Juvenile Court of Goochland County. In that case, it is alleged that the mother Defendant and her attorney, Cook, also a Defendant, caused the medical records of Plaintiff to be produced from the third Defendant, the grandmother's doctor, for use in the custody case through an attorney issued subpoena. The gravamen of Plaintiff's claims is failure to notify her of the request for the records. According to Va. Code § 32.1-127.1:03, the attorney

who causes a subpoena duces tecum to issue must furnish a copy of the subpoena and a notice, prescribed by the statute, advising the patient of a right to file a motion to quash.

## Count I: 42 U.S.C. § 1983

As before, Plaintiff seeks to recover money damages on a claim that all three Defendants "acted under color of state law." She relies on *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705 (1973), and *Griswold v. Connecticut*, 381 U.S. 479, 85 S. Ct. 1678 (1965), as cases that establish a constitutional right of privacy, specifically here, medical privacy. However, neither of these cases, nor any other cases cited, allow for such a right to be asserted as an actionable claim for money damages, as is the case here.

## Count 2: Negligence

As discussed on the first demurrer, the Supreme Court of Virginia recognizes a cause of action against a health care provider for wrongful disclosure of medical records. *See Fairfax Hospital v. Curtis*, 254 Va. 437 (1997). In sustaining the first demurrer, this court distinguished *Fairfax* where the disclosure was not authorized by law from here where the disclosure was accomplished under authority granted by law. See Va. Code § 16.1-265 (attorney-issued subpoenas). In the first instance, I mentioned that, given the procedure outlined in § 32.1-127.1:03, Plaintiff must allege how and to what extent each of the parties failed to follow those procedures in order to determine whether any right of action exists. As with the original Motion for Judgment, the First Amended Motion for Judgment offers no other procedural default than a failure to provide Plaintiff a copy of the subpoena and notice of rights and remedies. The claim as to Defendant Cook is based on the requirement to furnish the patient a copy of the subpoena and a notice. As to Defendant Smith, the mother, liability is asserted against her on the principle of respondeat superior due to the action of her agent, Cook. And as to the Defendant doctor, Plaintiff asserts liability for disclosure of Plaintiff's medical records.

## Defendants Smith and Cook

Both Defendant Smith and Defendant Cook demur to Count 2 of Plaintiff's First Amended Motion for Judgment on the basis that Defendants owed no duty to Plaintiff on which to base a claim of negligence.

The court finds, however, that Plaintiff has sufficiently alleged that Defendants Smith and Cook owed a duty to Plaintiff, which they allegedly breached. Virginia Code § 32.1-127.1:03 provides that "no party . . . shall request the issuance of a subpoena duces tecum for another party's health records or cause a subpoena duces tecum to be issued by an attorney unless a copy of the request for the subpoena or a copy of the attorney-issued subpoena is provided to . . . the other party." Va. Code § 32.1-127.1:03. Plaintiff alleges that this statute creates a duty on a party to provide a non-party witness with a copy of the attorney-issued subpoena as well as a "statement informing them of their rights and remedies" as outlined in § 32.1-127.1:03(H)(1). Plaintiff further alleges that Defendant Smith, through her agent, Defendant Cook, breached this duty by issuing a subpoena for her medical records without providing Plaintiff with a copy of the attorney-issued subpoena or a statement of Plaintiff's rights and remedies.

For these reasons, Defendant Smith's and Defendant Cook's Demurrers to Count 2 are overruled.

### Defendant Kryzanowski

Defendant Kryzanowski demurs to Count 2 of Plaintiff's First Amended Motion for Judgment on the basis that Defendant Kryzanowski owed no duty to Plaintiff and Plaintiff has failed to allege damages sufficient to withstand a demurrer.

The court finds that the issue regarding damages is dispositive. Plaintiff has alleged that she suffered physical and mental injuries consisting of loss of appetite, sleeplessness, nausea, depression, and emotional distress due to humiliation and embarrassment. (First Am. M.J. && 70-72.) The general rule is that, in the absence of physical harm or wanton and willful conduct, emotional distress damages are not recoverable. *Carstensen v. Chrisland Corp.*, 247 Va. 433, 446, 442 S.E.2d 660, 668 (1994). The court in *Hughes v. Moore*, 214 Va. 27, 34, 197 S.E.2d 214, 219 (1973), held that "where the claim is for emotional disturbance *and* physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads Ψ that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence."

The court finds that Plaintiff's alleged damages are purely a result of emotional distress and while she manifests physical symptoms, Plaintiff has failed to adequately plead that these symptoms are a "natural result of fright or shock." Accordingly, Defendant Kryzanowski's Demurrer is sustained as to Count 2.

*Count III: Medical Malpractice, Dr. Kryzanowski*

This count is captioned as a medical malpractice claim against the Defendant doctor. In the doctor's Brief in Support of Defendant's Demurrer to Counts 1, 2, 3 of Plaintiff's First Amended Motion for Judgment, she argues that, in this count, Plaintiff fails to allege the necessary elements of a contract. This is not responsive, as the General Assembly has categorized "malpractice" as a "tort." *See* Va. Code § 8.01-581.1.

For the foregoing reasons, the demurrers of Defendants Allen and Cook as to Count 1 are sustained without leave to amend and, as to Count 2, overruled. As to Dr. Kryzanowski, her demurrer to Counts 1 and 2 is sustained without leave to amend. Her demurrer as to Count 3 is overruled. She will have until October 28, 2005, to file any further responsive pleading as to that count.