## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert Bruce Evans

v.

Diamond Healthcare Corp. et al.

August 7, 2007

Case No. CL06-5334

BY JUDGE MELVIN R. HUGHES, JR.

On July 19, 2007, when the hearings on the parties' various motions concluded, the court took under advisement defendant Diamond Health Care of Williamsburg's demurrer to the counts alleging violation of the Virginia Consumer Protection Act (VCPA) and breach of contract. The court did so in order to read the case of *Humphrey v. Lee Healthcare Center,* a case out of Fairfax relied on by plaintiff in opposing the demurrer to the VCPA claim.

I will start by observing, as the court did in *Humphrey*, that a "consumer transaction" as defined in Va. Code § 59.1-198 can extend to nursing home services for "family" purposes under subsection (1). But here, the thrust of the plaintiff's allegations go to the improper disclosure of confidential information derived from his stay there for drug rehabilitation and treatment. The VCPA is said not to apply to an aspect of a consumer transaction authorized under law of either the Commonwealth or the federal government. *See* Va. Code § 59.1-199(A). Although the services provided to plaintiff are arguably a "consumer transaction," when the aspect complained of is governed by federal law, the exemption applies. Here this defendant is subject to rules governing disclosure under federal regulations. *See* 45 C.F.R. §§ 164.501 and 164.506. However, the plaintiff still has a remedy under

common law for improper disclosure of confidential medical information authorized by *Fairfax Hospital etc. v. Curtis*, 254 Va. 437, 492 S.E.2d 642 (1997).

Turning to the contract claim, the *Fairfax Hospital* case would seem to collapse plaintiff's claim to only one in tort in the absence of a special contract. No such special agreement with this defendant has been made out in the pleadings here. Thus, as alleged, plaintiff has no suit in contract, only one in tort.

Accordingly, the court will sustain the demurrers to these counts.