# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Donn Shumate

v.

City of Martinsville *et al.*

March 25, 2015

Case No. CL14-8

By Judge G. Carter Greer

The plaintiff, an investigator employed by the Martinsville Police Department, has filed a complaint, seeking compensatory and punitive damages against the City of Martinsville ("City"), the Martinsville Police Department ("Police Department"), the chief of police, and two subordinate officers of the Police Department. At the hearing on March 9th, the court ruled from the bench that the City enjoys sovereign immunity and sustained its demurrer, based upon *Niese v. City of Alexandria*, 264 Va. 230, 564 S.E.2d 127 (2002) (holding that "a municipality is immune from liability for intentional torts committed by an employee during the performance of a governmental function"). *See Hoggard v. City of Richmond*, 172 Va. 145, 200 S.E. 610 (1939), in which the Supreme Court of Virginia stated that "a municipal corporation acts in a governmental capacity in … maintaining a police force." *Id.*, 172 Va. at 148. The plaintiff concedes in his memorandum that the Police Department, which is not *sui juris*, "is not an entity that can be sued." Plaintiff's Memorandum in Opposition to Defendants' Demurrers and Pleas in Bar, p. 2. Therefore, the court sustains the demurrer of the Police Department.

The plaintiff asserts three causes of action: tortious dissemination of private health information, defamation, and violation of constitutional rights. The plaintiff concedes in his memorandum that "he has not sufficiently pleaded a cause of action for violation of constitutional rights." Plaintiff's Memorandum in Opposition to Defendants' Demurrers and Pleas in Bar, p. 2. Therefore, the court sustains the demurrer of the individual

defendants insofar as the complaint purports to state a cause of action for "violation of constitutional rights." In summary, the plaintiff alleges that, in connection with a workers' compensation claim, Dr. Aaron, who is the plaintiff's treating physician, sent a medical form with a diagnosis of post-traumatic stress disorder ("PTSD") to VACORP, the City's third-party administrator. Complaint, ¶¶ 9-11, 15. The plaintiff further alleges that he does not suffer from PTSD, that he has never been diagnosed with PTSD, and that "Dr. Aaron later stated that Inv. Shumate does not have PTSD and has not suffered a traumatic event that would lead to a diagnosis of PTSD." Complaint, ¶ 13. The plaintiff further alleges that, having been "alarmed by the diagnosis of PTSD," VACORP forwarded the medical form by way of electronic mail to Mike Rogers, the chief of police, who then showed the medical form to Capt. Eddie Cassady and Lt. Danny Wimmer. Complaint, ¶¶ 16-18, 20. The plaintiff further alleges that Rogers and Cassady reported the diagnosis to persons with no *bona fide* reason to know of the diagnosis and that Wimmer distributed copies of the medical form "to persons who had no *bona fide* reason or need to be aware of any medical diagnosis" pertaining to the plaintiff. Complaint, ¶¶ 19, 21. The plaintiff further alleges that a "diagnosis for PTSD is of special and peculiar effect to someone in … law enforcement, due to the requirement that such persons carry firearms, be involved in and react to emergency situations, and the risk and perception that a person with PTSD may act irrationally and violently." Complaint, ¶ 23.

I. *There is no cause of action for the tortious dissemination of private health information against individuals who are not health care providers.*

The individual defendants have filed a joint demurrer, contending that "there is no cause of action for tortious dissemination of health or medical information in Virginia against individuals who are not healthcare providers." Defendants' Joint Memorandum of Law in Support of Demurrers and Pleas in Bar, p. 4. In *Fairfax Hospital v. Curtis*, 254 Va. 437, 492 S.E.2d 642 (1997), the Supreme Court of Virginia held that "a *health care provider* owes a duty to the patient not to disclose information gained from the patient during the course of treatment without the patient's authorization and that violation of this duty gives rise to an action in tort." *Id.*, 254 Va. at 442 (emphasis added). Va. Code § 32.1-127.1:03, which codifies a right of privacy in the content of health records, provides in part that "[n]o *person* to whom health records are disclosed shall re-disclose or otherwise reveal the health records of an individual, beyond the purpose for which such disclosure was made, without first obtaining the individual's specific authorization to such re-disclosure." Va. Code § 32.1-127.1:03(A)(3) (emphasis added). Relying upon this subsection and *Smith v. Kryzanowski*, 69 Va. Cir. 185 (2005), the plaintiff argues that the tort recognized in *Fairfax Hospital* is not limited to suits against health care

providers only, but the court disagrees. The statute primarily addresses the situations in which health care entities may disclose medical records but creates no cause of action for a violation of the statute. There is nothing in the statute that requires extending application of the tort to those who are not health care providers, such as the defendant police officers in the case at bar. Contrary to plaintiff's argument, the circuit court decision cited above does not stand for the proposition that the tort recognized in *Fairfax Hospital* should apply to those who are not health care providers, for, as the court stated, "[t]he claim the court has recognized as actionable is for unauthorized disclosure by a *health care provider* as in *Fairfax.*" *Smith, supra* (emphasis added).

## II. *The plaintiff has failed to state a cause of action for defamation.*

In their demurrer, the individual defendants allege that plaintiff has failed to state a cause of action for defamation as a matter of law. The law pertaining to the consideration of a demurrer is well-settled. "A demurrer accepts as true all facts properly pleaded, as well as reasonable inferences from those facts." *Steward v. Holland Family Properties*, 284 Va. 282, 286, 726 S.E.2d 252 (2012). "A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 102, 540 S.E.2d 134 (2001). The Supreme Court of Virginia has also stated that "[a]t the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pleaded and the reasonable inferences drawn therefrom are sufficient to state a cause of action." *Friends of the Rappahannock v. Caroline County*, 286 Va. 38, 44, 743 S.E.2d 132 (2013). The defendants filed a motion craving oyer, and the parties have stipulated that the court may consider the medical form in ruling on the demurrer.

Both parties cite a recent decision of the Supreme Court of Virginia, which stated that "[t]he elements of defamation are '(1) publication of (2) an actionable statement with (3) the requisite intent'." *Tharpe v. Saunders*, 285 Va. 476, 480, 737 S.E.2d 890 (2013) (*quoting Jordan v. Kollman*, 269 Va. 569, 575, 612 S.E.2d 203 (2005)). "To be actionable, the statement must be both false and defamatory." *Id.* However, the Supreme Court of Virginia has stated that "[p]ure expressions of opinion, not amounting to 'fighting words,' cannot form the basis of an action for defamation." *Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97 (1985). "Thus, speech which does not contain a provably false factual connotation ... cannot form the basis of a common law defamation action." *Yeagle v. Collegiate Times*, 255 Va. 293, 295, 497 S.E.2d 136 (1998). Whether an alleged defamatory statement is one of fact or opinion is a question of law to be decided by the court. *Fuste v. Riverside Healthcare Assn.*, 265 Va. 127, 132, 575 S.E.2d 858 (2003).

The medical form, which Dr. Aaron signed, lists PTSD, along with other maladies, beside the word "diagnosis." The plaintiff alleges that Dr. Aaron was mistaken in her diagnosis, but the court has ruled in a companion case that this diagnosis, however erroneous, is an expression of opinion by the plaintiff's treating physician. It was necessary for Dr. Aaron to submit this form to the insurer in accordance with Va. Code § 65.2-604, since the plaintiff was at the time pursuing a workers' compensation claim. While there was no requirement that VACORP send the form to the defendants, it was appropriate for the third-party administrator to alert the chief of police to the diagnosis. That defendant Rogers showed the form to his command staff and discussed Dr. Aaron's opinion with others was proper conduct for a chief of police, who is responsible to the public for ensuring that his officers are fit for duty. The court is not required to accept the plaintiff's legal conclusion that the defendants acted with common law malice. The defendants' communication of the diagnosis was not defamatory as a matter of law.

Even if it could be said that the defendants' communication of the diagnosis was somehow defamatory, the court finds that the defendants enjoyed a qualified privilege. The court has reconsidered its ruling at the hearing and is now of the opinion that the mere allegation of common law malice on the part of the defendants is insufficient to defeat the privilege. The Supreme Court of Virginia has stated that a qualified privilege:

> extends to all communications made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty; and the privilege embraces cases where the duty is not a legal one, but where it is of a moral or social character of imperfect obligation.

*Isle of Wight County v. Nogiec*, 281 Va. 140, 152, 704 S.E.2d 83 (2011) (*quoting Story v. Norfolk-Portsmouth Newspapers, Inc.*, 202 Va. 588, 590, 118 S.E.2d 668 (1961)). Admitting that "some of the Defendants' communications may be entitled to qualified immunity," Plaintiff's Memorandum in Opposition to Defendants' Demurrers and Pleas in Bar at 14, the plaintiff invites the court to examine all of the statements made by the defendants in order to determine whether there was a work-related need for each statement. It is impossible for the court to honor this request because, as the defendants pointed out at the hearing, the complaint does not set forth the exact words spoken by the defendants. In *Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 3 S.E.2d 405 (1939), the Supreme Court of Virginia held that, in a defamation case, "[g]ood pleading requires that the exact words spoken or written must be set out in the [complaint] *in haec verba*. Indeed, the pleading must go further, that is, it must purport to give the exact words." *Id.*, 173 Va. at 217 (emphasis in original). All that

the complaint alleges is that the defendants told others of the diagnosis; there is not a single allegation as to what each defendant actually stated in the words that he used. Clearly, under the facts alleged, defendants had an interest in communicating the diagnosis to others within and without the police department and even a duty to do so. The complaint does not identify those persons outside the police department that the defendants informed. Certainly, the city manager and, arguably, some department heads had a right to know about the plaintiff's diagnosis.

The court sustains the demurrers and the pleas in bar. Leave to amend the complaint is denied.