ROBINSON, J., concurring.
I agree with the court's well-reasoned conclusion that "a duty of confidentiality arises from the physician-patient relationship and that unauthorized disclosure of confidential information obtained in the course of that relationship gives rise to a cause of action sounding in tort against the health care provider, unless the disclosure is otherwise allowed by law." I write separately only to emphasize my continuing reticence to recognize new causes of action under Connecticut's common law insofar as it "is not the duty of this court to make law. That is a task properly left to the legislature. To do otherwise, even if based on sound policy and the best of intentions, would be to substitute our will for that of a body democratically elected by the citizens of this state and to overplay our proper role in the theater of [state] government." (Internal quotation marks omitted.) Campos v. Coleman , 319 Conn. 36, 64, 123 A.3d 854 (2015) (Zarella, J. , dissenting) (disagreeing with majority's decision to adopt common-law cause of action for minor child's loss of parental consortium). Our decision to recognize a new cause of action in the present case is wholly **574 consistent with my view, eloquently stated by Justice Zarella, that, although "this court has the authority to change the common law to conform to the times ... [i]n a society of ever increasing interdependence and complexity, however, it is an authority this court should exercise only sparingly." Id., at 65, 123 A.3d 854 ; accord Sepega v. DeLaura , 326 Conn. 788, 843, 167 A.3d 916 (2017) (Robinson, J. , concurring) ("Legislative action, as in some of our sister states, would be ideal for making the appropriate findings and articulating the contours of Connecticut's firefighter's rule.... Nevertheless, until such time as our legislature can act, I would adopt a formulation of the firefighter's rule as a matter of common law that encourages citizens to seek help in emergencies, while not slamming the courthouse door to appropriate claims of our first responders." [Citation omitted.] ); Sepega v. DeLaura , supra, at 835 n.15, 167 A.3d 916 (Robinson, *21 J. , concurring) ("the legislature is the appropriate forum for any reexamination of the legislative facts underlying our common-law decisionmaking").
In viewing our decision in the present case to be an appropriate exercise of our common-law authority to recognize new causes of action, I emphasize in particular that it complements both the limited federal administrative remedies provided by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320d et seq., as well as our state legislature's recognition of the importance of confidentiality in a physician-patient relationship through the 1990 adoption of General Statutes § 52-146o, subsection (a) of which furnishes an evidentiary physician-patient privilege in civil, administrative, legislative, and probate proceedings, with limited exceptions provided by subsection (b) of the statute. See Byrne v. Avery Center for Obstetrics & Gynecology, P.C. , 314 Conn. 433, 458-59, 102 A.3d 32 (2014). Moreover, although this case presents a legal issue of first impression, providing a common-law remedy for the breach of the physician's **575 duty of confidentiality does not disturb the settled expectations of physicians or patients given the long-standing ethical and legal bases for that duty.[1] Cf. Campos v. Coleman , supra, 319 Conn. at 76-77, 123 A.3d 854 (Zarella, J. , dissenting) (stating that majority's decision to overrule Mendillo v. Board of Education , 246 Conn. 456, 717 A.2d 1177 [1998], which had declined to recognize derivative cause of action for loss of parental consortium by minor children, raised numerous policy and political questions "that [turn] on a number of socioeconomic factors, and it should therefore be left to the legislature"). Put differently, I believe that the expectations of our citizens would be more unsettled had we, in essence, declared the doors of our courthouses closed to patients whose health care providers improperly breached their confidences. Accordingly, I conclude that we properly exercise our common-law authority to recognize a cause of action in the present case, and I agree with the majority's determination that a genuine issue of material fact exists, requiring that we remand the case to the trial court for further proceedings on this point.
Accordingly, I concur in the judgment of the court.

As the majority aptly points out, and in contrast to the divided case law that confronted us in Campos v. Coleman , supra, 319 Conn. at 73-76, 123 A.3d 854 (Zarella, J. , dissenting), I also emphasize the extremely broad support for recognition of a cause of action in the case law of our sister states. See, e.g., Horne v. Patton , 291 Ala. 701, 708-709, 287 So.2d 824 (1973) ; Alberts v. Devine , 395 Mass. 59, 69, 479 N.E.2d 113, cert. denied sub nom. Carroll v. Alberts , 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed. 2d 475 (1985) ; McCormick v. England , 328 S.C. 627, 644, 494 S.E.2d 431 (App. 1997) ; Fairfax Hospital v. Curtis , 254 Va. 437, 442, 492 S.E.2d 642 (1997) ; but see Quarles v. Sutherland , 215 Tenn. 651, 657, 389 S.W.2d 249 (1965).